1   BRIEN J. FARRELL, City Attorney (SBN 088318)
    CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2   City of Santa Rosa
    100 Santa Rosa Avenue, Room 8
3   Santa Rosa, California 95404

4   Telephone:  (707) 543-3040
    Facsimile:   (707) 543-3055
5
    Attorneys for Defendants
6   CITY OF SANTA ROSA; RICH CELLI, an individual and
    Officer of the SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
7   an individual and Officer of the SANTA ROSA POLICE DEPARTMENT ;
    PATRICIA MANN, an individual and officer of the
8   SANTA ROSA POLICE DEPARTMENT; and JERRY SOARES,
    an individual and Office of the SANTA ROSA POLICE DEPARTMENT

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  PATRICIA DESANTIS, individually and as          Case No. C 07-3386 JSW
    Success in Interest for RICHARD
    DESANTIS, deceased, and as Guardian ad
14  Litem for DANI DESANTIS, a minor, and
    TIMOTHY FARRELL, a minor,                       **MEMORANDUM OF POINTS AND**
15                                                  **AUTHORITIES IN SUPPORT OF**
                                                    **MOTION TO DISMISS PURSUANT TO**
                    Plaintiffs,                     **FEDERAL RULE OF CIVIL**
16                                                  **PROCEDURE SECTION 12 (b)(6).**
17      v.
                                                    **JURY TRIAL DEMANDED**
18  CITY OF SANTA ROSA, JERRY
    SOARES, RICH CELLI, TRAVIS MENKE,
    PATRICIA MANN and DOES 1 through
19  25, inclusive,
                                                    Date:   October 12, 2007
20                  Defendants.                     Time:  9:00 a.m.
    _____/             Ctrm:  2, 17th Floor
21

22      Defendants City of Santa Rosa, Santa Rosa Police Officers Jerry Soares, Rich Celli,

23  Travis Menke and Patricia Mann jointly and severally submit the following memorandum of

24  points and authorities in support of their motion to dismiss the complaint on file herein.

25                                     **I.**

26                         **STATEMENT OF FACTS**

27      On April 8, 2007, Plaintiff Patricia DeSantis called 911 and reported that her husband,

28  Richard DeSantis,  had fired shots into the ceiling with a gun.  She advised the dispatcher that

1   she was in the house with two minor children.

2       Several Santa Rosa Police officers were dispatched to the scene including the individually

3   named officer defendants.  The officers ordered Mr. DeSantis to come out of the house and then

4   ordered him to lie down on the ground.  Mr. DeSantis did eventually start to get down on the

5   ground after the officers gave him repeated commands but then got up and began to charge

6   towards the officers.  At that point, Defendant Soares fired a non-lethal projectile.  Officers Celli,

7   Menke and Mann fired their weapons.  Mr. DeSantis died as a result of two of the gunshot

8   wounds.

9       This action is brought by his wife Patricia DeSantis on her own behalf and on behalf of

10  her two minor children Dani DeSantis and Timothy Farrell.  The complaint alleges a variety of

11  causes of action under 42 USC §1983 which appear to be asserted on behalf of all three

12  plaintiffs.[1]  The complaint alleges that Patricia and Richard DeSantis were married on December

13  19, 1998 and that she is the "successor in interest" to Richard DeSantis (paragraph 3).  No

14  affidavit is attached to the complaint to establish this status as required under California Code of

15  Civil Procedure Section 377.32.  The complaint further alleges that Timothy Farrell was born on

16  March 3, 1997 and that he is the "defacto adopted son" of the decedent Richard DeSantis

17  (paragraph 5).  There is no allegation that he is the heir of Mr. DeSantis.

18      A certified copy of Timothy Farrell's birth certificate which the court is requested to take

19  judicial notice of is attached as Exhibit A to the Declaration of Caroline L. Fowler.  The birth

20  certificate lists the father as unknown.

21       As discussed below, only the personal representative of the decedent or his "successor in

22  interest" are allowed to pursue a cause of action based upon the alleged constitutional violations

23  that accrued prior to the decedent's death.  The complaint fails to comply with the procedural

24  requirements to establish that Patricia DeSantis or the other plaintiffs have standing to assert the

25  First, Second, Third and Fourth Causes of Action.

26

27      [1]  The First Cause of Action is for excessive force against the individual officers; the Second Cause of Action is a Monnell Claim against the City based on Excessive Force; The Third Cause of Action is for Deliberate indifference to Medical Care against the Individual Officers; the Fourth Cause of Action is a Monnell claim against the City based upon the alleged deliberate indifference to providing medical care and the Fifth Cause of Action is for loss of familial relationship.

28

1    Further, Plaintiff Timothy Farrell lacks standing to assert any of the causes of action

2  asserted herein since he is not the natural or adopted child of the decedent and is not an heir of

3  the decedent.

4  **II.**

5  **LEGAL ANALYSIS**

6  **A.    STANDARD FOR RULE 12(B)(6) MOTION**

7    A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

8  complaint.  *Rutman Wine Company v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

9  Dismissal of an action pursuant to Rule 12(b)(6) is appropriate where it appears beyond doubt

10  that the plaintiff can prove no set of facts in support of his claim which would entitle him to

11  relief.  *Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir. 1991).  A motion under rule

12  12(b)(6) can be based upon the failure to allege a cognizable legal theory or on the failure to

13  allege sufficient facts under a cognizable legal theory.  *Roberson v. Dean Witter Reynolds, Inc.*,

14  749 F.2d 530, 533-34.   Material allegations in the complaint will be taken as true and construed

15  in the light most favorable to the plaintiff.  *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th

16  Cir. 1986).  Nevertheless, the Court need not accept as true, allegations that contradict facts

17  which may be judicially noticed by the Court.  *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*,

18  828 F.2d 1385, 1388 (9th Cir. 1987); see also, *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d

19  1279, 1282 (9th Cir. 1986).  Moreover, the Court need not accept as true, conclusionary

20  allegations, unreasonable inferences, or unwarranted deductions of fact.  *Pareto v. F.D.I.C.*, 139

21  F.3d 696, 699 (9th Cir. 1998); *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.

22  1994); see also, *Transphase Systems, Inc. v. Southern California Edison Company*, 839 F.Supp.

23  711, 718 (C.D. Cal. 1993).  The court is not required to assume the truth of legal conclusions

24  merely because they are cast in the form of factual allegations.  *Illeto v. Glock,* 349 F.3d 1191,

25  1200 (9th Cir. 203)*; Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

26    The court may also consider in ruling on a motion to dismiss documents which are the

27  subject of judicial notice. *Gallo v. Board of Regents of the University of California,* 916 F. Supp.

28  1005 (S.D. Cal. 1995); *Wilson v. United Airlines,* 1998 U.S. Dist. LEXIS 16976.

1    Where amendment of the complaint would be futile, the court may dismiss a cause of

2  action with prejudice.  *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

3  **B.    THE ISSUE OF STANDING MAY BE RAISED BY A MOTION TO DISMISS**
       **UNDER RULE 12(b)(6).**

4

5    It is appropriate to address the question of standing in ruling on a motion to dismiss

6  because the elements of standing are an indispensable part of the plaintiff's case and must be

7  supported at each stage of the litigation in the same manner as any other essential element of the

8  case.  If the plaintiff lacks standing, the court does not have subject matter jurisdiction and

9  dismissal is appropriate.  *Warren v. Fox Worldwide, Inc.,* 328 F.3d 1136, 1140 (9th Cir. 2003);

10  *Central Delta Water Agency v. United* States, 306 F.3d 938 (9th Cir. 2002)

11    To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his

12  complaint which if proven would confer standing upon him.  *Sacks v. Office of Foreign Assets*

13  *Control,* 466 F.3d 764 (9th Cir. 2006).  Standing challenges should be resolved prior to the merits

14  of the case.  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 140 L.Ed. 2d 210, 118 S.Ct.

15  1003.

16  **C.    PLAINTIFFS LACK STANDING TO BRING AN ACTION UNDER 42 U.S.C.**
       **§1983 BASED UPON THE CONSTITUTIONAL RIGHTS OF THE DECEDENT**

17

18    The survivors of an individual who is killed as a result of an alleged use of excessive

19  force may assert a Fourth Amendment Claim on the individual's behalf if the relevant state law

20  authorizes a survival action.  *Moreland v. Las Vegas Metro Police Dept.,* 159 F.3d 365, 369 (9th

21  Cir. 1998); *Foster v. City of Fresno,* 392 F.Supp.1140 (E.D. Cal. 2005).

22    The party seeking to bring a survival action bears the burden of demonstrating that a

23  particular state's law authorizes a survival action and that the plaintiff meets that state's

24  requirements for bringing a survival action.  *Byrd v. Guess,* 137 F.3d 1126, 1131 (9th Cir. 1998).

25    California Code of Civil Procedure Section 377.32 provides that a person who seeks to

26  commence an action as the decedent's successor in interest shall execute and file and affidavit

27  under penalty of perjury that sets forth the facts required under that section which establish the

28  person's standing as the personal representative or successor in interest.  No affidavit is attached

1   by any of the plaintiff's in this action.  The only plaintiff to allege standing as the "successor in

2   interest" of the decedent is Patricia DeSantis.  There are no specific facts alleged to support this

3   conclusionary allegation.

4           The requirements of California Code of Civil Procedure Section 377.32  have been held

5   to apply to an action in Federal Court brought under 42 U.S.C §1983.  *Tatum v. City and County*

6   *of San Francisco,* 441 F.3d 1090 (9th Cir. 2006);  *Robbins v. City of Hanford*, 2006 U.S. Dist

7   LEXIS 44173; *Stephens v. Stanislaus County Sheriff*, 2007 U.S. Dist LEXIS  27366.

8           Here, the only plaintiff who alleges to be a successor in interest to the decedent is Patricia

9   DeSantis.  Thus, there are no allegations that allege any facts to establish that  the two minor

10  children have standing with respect to First through Fourth Causes of Action.  With respect to

11  Patricia DeSantis it is insufficient to merely allege that she is the successor in interest without

12  complying with the requirements of Code of Civil Procedure Section 377.32.  *Tatum v. City and*

13  *County of San Francisco* 441 F.3d 1090 (9th Cir. 2006);  *Robbins v. City of Hanford*, 2006 U.S.

14  Dist LEXIS 44173; *Stephens v. Stanislaus County Sheriff*, 2007 U.S. Dist LEXIS  27366.  It is

15  unknown at this time whether the decedent died intestate or whether there is or will be a probate

16  estate.

17  **D.    PLAINTIFF TIMOTHY FARRELL LACKS STANDING TO ASSERT A CAUSE
        OF ACTION UNDER 42 U.S.C. § 1983 FOR LOSS OF FAMILIAL
18      RELATIONSHIP**

19          The Fifth Cause of Action asserts a cause of action on behalf of all three plaintiffs for loss

20  of familial relationship under the Fourteenth Amendment.

21          The complaint alleges that Plaintiff Timothy Farrell is the "defacto adopted son" of the

22  decedent.  The complaint further alleges that he was born on March 3, 1997 (complaint

23  paragraph 5) which is prior to the marriage of Patricia and Richard DeSantis on December 18,

24  1998 (See complaint paragraph 3).

25          Attached as Exhibit A to the Declaration of Caroline L. Fowler is a true and correct copy

26  of the certified birth certificate of Timothy Farrell which the court is requested to take judicial

27  notice of.  The birth certificate lists his father as unknown.

28          Accordingly, in addition to lacking any standing to assert the First through Fourth Causes

1   of Action, plaintiff Timothy Farrell also lacks standing to assert a cause of action under the Fifth

2   Cause of Action.  The complaint should therefore be dismissed in its entirely against Plaintiff

3   Timothy Farrell.

4                                                    **III.**

5                                            **CONCLUSION**

6          For the foregoing reasons, defendants respectfully request that the court dismiss the entire

7   complaint against Plaintiff Timothy Farrell and that the First through Fourth Causes of Action be

8   dismissed against Plaintiffs Patricia DeSantis and Dani DeSantis.

9

10  Dated: August ___ , 2007              _____

11                                         Caroline L. Fowler
                                           Assistant City Attorney
                                           Attorney for Defendants
12                                         City of Santa Rosa, Santa Rosa Police Officers
                                           Jerry Soares, Rich Celli, Travis Menke, and Patricia Mann
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28