BRIEN J. FARRELL, City Attorney (SBN 088318)
CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and
Officer of the SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT ;
PATRICIA MANN, an individual and officer of the
SANTA ROSA POLICE DEPARTMENT; and JERRY SOARES,
an individual and Office of the SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Success in Interest for RICHARD DESANTIS, deceased, and as Guardian ad Litem for DANI DESANTIS, a minor, and TIMOTHY FARRELL, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ROSA, JERRY SOARES, RICH CELLI, TRAVIS MENKE, PATRICIA MANN and DOES 1 through 25, inclusive,<br><br>Defendants.<br>_____/ | Case No. C 07-3386 JSW<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**<br><br>Date: October 12, 2007<br>Time: 9:00 a.m.<br>Ctrm: 2, 17th Floor |

Defendants submit the following Memorandum of Points and Authorities in reply to the opposition filed by plaintiffs to defendants' motion to dismiss.

## I. INTRODUCTION

Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) on the grounds that the complaint failed to allege sufficient facts to establish that the plaintiffs had standing to assert the causes of action set forth in the complaint.

The first four causes of action appear to be asserted based upon the alleged violation of

1  the rights of the decedent Richard DeSantis.  The Fifth Cause of Action appears to be based upon
2  the personal rights of the plaintiffs to familial relationship.
3       In response to Defendants' motion, Plaintiff Patricia DeSantis has now filed a Declaration
4  as required under California Code of Civil Procedure section 377.32 stating that she is the
5  successor in interest to the decedent's right.  There are no facts in the declaration to assert any
6  standing on behalf of either of the two minor children or indication that she is acting on their
7  behalf in connection with the survival causes of action.
8       The opposition filed by the plaintiffs does not dispute that Plaintiff Timothy Farrell is not
9  the natural or adopted child of the decedent.  Instead, plaintiff contends that under Code of Civil
10 Procedure section 377.60(c), he has standing to pursue the causes asserted in the complaint.

## II.
## ONLY THE SUCCESSOR IN INTEREST HAS STANDING TO ASSERT THE CLAIMS SET FORTH IN THE FIRST THROUGH THIRD CAUSES OF ACTION

13      Although Plaintiff Patricia DeSantis has now filed the required Declaration under
14 California Code of Civil Procedure 377.32, it only identifies her as the successor in interest to the
15 Decedent's rights.  Accordingly, the first through fourth causes of action should be dismissed
16 against plaintiffs Dani DeSantis and Timothy Farrell.

## III.
## PLAINTIFF TIMOTHY FARRELL LACKS STANDING EVEN UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 377.60(C)

19      Plaintiffs contend that Timothy Farrell has standing to bring the Fifth Cause of Action
20 based upon the provisions of California Code of Civil Procedure Section 377.60(c).  No facts are
21 pled in the complaint that would met the requirements of that provision.
22      Plaintiffs contend that they can allege sufficient facts to establish standing under that
23 section and have set forth on page 2 the facts that would be alleged.
24      Standing under Section 377.60(c) requires that the minor child reside with the decedent
25 within the 180 days prior to the death **and** that the decedent have provided at least 50% of the
26 minor's support.  Here the facts which plaintiffs contend they can allege indicate that DeSantis
27 was not working at the time of the incident and had not worked in the 180 days prior to his death.
28 Thus, he could not have provided fifty (50%) percent of the support for Timothy and in fact was

providing no support. The fact that he had a community property interest in his wife's earnings is not sufficient to trigger the provisions of 377.60(c) and plaintiffs have not cited any authority that such facts would grant him standing. Wrongful death claims are to compensate the dependents for the loss of support. In this case, Timothy Farrell has lost no financial support as a result of the death of Richard DeSantis. His community property interest in Patricia DeSantis is still available through his mother and there is no authority that a mere community property interest in the income of a working surviving spouse is legally sufficient to meet the requirements of the statute.

In *Smallwood v. American Trading & Transportation* (1994 N.D. Cal) 868 F. Supp 280, the court held that minor children who resided with the decedent lacked standing when the evidence showed that the decedent contributed less that fifty (50%) of their support. Here, even the facts offered up by plaintiffs show that they cannot establish sufficient facts to confer standing on Timothy Farrell under Section 377.60(c).

A wrongful death cause of action is a statutorily based cause of action that is limited to those persons specified in California Code of Civil Procedure section 377.60. *Quiroz v. Seventh Avenue Center* (2006) 140 Cal.App.4th 1256.

Accordingly, the Fifth Cause of Action should also be dismissed against Plaintiff Timothy Farrell.

### IV. CONCLUSION

For the foregoing reasons and those set forth in defendants moving papers, defendants respectfully request that the court dismiss the entire complaint against Plaintiff Timothy Farrell and that the First through Fourth Causes of Action be dismissed against Plaintiff Dani DeSantis.

Dated: September 12, 2007

/s/
_____
Caroline L. Fowler
Assistant City Attorney
Attorney for Defendants
City of Santa Rosa, Santa Rosa Police Officers
Jerry Soares, Rich Celli, Travis Menke, and Patricia Mann