1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    PATRICIA DESANTIS, et al.

10           Plaintiffs,                          No. C 07-03386 JSW

11   v.

12   CITY OF SANTA ROSA, et al.,                  **ORDER GRANTING IN PART
                                                  AND DENYING IN PART**
13           Defendants.                          **DEFENDANTS' MOTION TO
                                                  DISMISS**
     _____/
14

15          Now before the Court is Defendants' motion to dismiss.  The Court finds that this matter

16   is appropriate for disposition without oral argument and it is hereby deemed submitted.  *See*

17   Civ. L.R. 7-1(b).  Accordingly, the hearing set for October 12, 2007 is HEREBY VACATED.

18   Having carefully reviewed the parties' papers and considered their arguments and relevant legal

19   authority, the Court hereby grants in part and denies in part Defendants' motion to dismiss.[1]

20                                      **BACKGROUND**

21          This is a civil rights action arising out of the death of Richard DeSantis.  Mr. DeSantis

22   suffered from bipolar disorder, and on April 8, 2007, his wife, Patricia DeSantis called 911 for

23   medical assistance.  (Compl., ¶¶ 14-15.)  The police responded to the call.  Two of the officers

24   who responded fired shots at and killed Mr. DeSantis.  (*Id*., ¶¶ 16-18.)  Mrs. DeSantis filed this

25   action individually and as Mr. DeSantis's successor in interest.  Timothy Farrell, Mrs.

26   DeSantis's son ("Timothy"), and Dani DeSantis ("Dani"), the daughter of both Mrs. and Mr.

27   DeSantis, are also plaintiffs in this action.  Plaintiffs allege that Timothy is Mr. DeSantis's "de

28

_____

[1] Defendants' request for judicial notice is granted.  *See* Fed. R. Evid. 201.

*United States District Court*
For the Northern District of California

1  facto adopted son." (*Id.*, ¶ 5.)  Plaintiffs bring claims for excessive force, deliberate

2  indifference, and deprivation of familial relationship pursuant to 42 U.S.C. § 1983.

3        In their motion to dismiss, Defendants argue that Plaintiffs failed to file an affidavit

4  pursuant to California Code of Civil Procedure § 377.32 as required by someone who sues as a

5  "successor in interest."  In response, Mrs. DeSantis filed the requisite declaration to establish

6  that she is Mr. DeSantis's successor in interest.   Defendants also argue that Timothy lacks

7  standing to sue because he is not the natural or adopted son or heir of Mr. DeSantis.

**ANALYSIS**

**A.    Applicable Legal Standards.**

10      A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6)

11  ("Rule 12(b)(6)") where the pleadings fail to state a claim upon which relief can be granted.

12  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss are viewed with disfavor and are rarely granted.

13  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).  "A complaint may be dismissed

14  for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a

15  cognizable legal claim."  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

16  1984).  On a motion to dismiss, the complaint is construed in the light most favorable to the

17  non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v.*

18  *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

**B.    Plaintiffs' Claims for Excessive Force and Deliberate Indifference.**

20      The claims for excessive force and deliberate indifference are brought on behalf of

21  Mr. DeSantis.  "Survivors of an individual killed as a result of an officer's excessive use of

22  force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's

23  law authorizes a survival action."  *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d

24  365, 369 (9th Cir.1998).  "Under California law, if an injury giving rise to liability occurs

25  before a decedent's death, then the claim survives to the decedent's estate."  *Tatum v. City and*

26  *County of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing Cal. Code Civ. Proc.

27  § 377.30.)  Pursuant to California Code of Civil Procedure § 377.32, a person who seeks to

28  bring an action as the decedent's successor in interest must file an affidavit or declaration which

**United States District Court**
For the Northern District of California

2

1   meets certain requirements.  Cal. Code Civ. Proc. § 377.32.  Mrs. DeSantis has now filed a

2   declaration which Defendants do not contest meets the requirements of California Code of Civil

3   Procedure § 377.32.  However, neither Timothy nor Dani filed such a declaration.  Accordingly,

4   only Mrs. DeSantis may assert the claims for excessive force and deliberate indifference.  The

5   Court thus denies Defendants' motion to dismiss these claims to the extent they are brought by

6   Mrs. DeSantis and grants Defendants' motion to dismiss these claims to the extent they are

7   brought by Timothy and/or Dani.

8   **C.    Timothy Lacks Standing to Bring Wrongful Death Claim.**

9        Defendants also move to dismiss the wrongful death claim brought by Timothy, arguing

10  that he lacks standing to assert such a claim.  Under California law, standing to bring a wrongful

11  death claim is limited to those categories of persons described by statute.  *Fraizer v. Velkura*, 91

12  Cal. App. 4th 942, 945 (2001).  These categories of persons "eligible to bring wrongful death

13  actions [are] strictly construed."  *Id*.  Plaintiffs contend that Timothy qualifies as a minor

14  eligible to bring a wrongful death action under California Code of Civil Procedure § 377.60(c),

15  which provides that a minor may bring a wrongful death action " if, at the time of the

16  decedent's death, the minor resided for the previous 180 days in the decedent's household and

17  was dependent on the decedent for one-half or more of the minor's support."  Cal. Code Civ.

18  Proc. § 377.60(c).

19       Plaintiffs concede that the complaint currently does not plead facts that demonstrate

20  Timothy's standing, but argue that they could allege the following facts: Timothy lived with his

21  mother, Mrs. DeSantis, and Mr. DeSantis for over eight years before Mr. DeSantis died.

22  Although Mr. DeSantis did not work outside of the home for the previous 180 days before his

23  death, the income Mrs. DeSantis earned was their community property.  Through his interest in

24  the community property income, Mr. DeSantis provided for one-half of Timothy's support.

25  (Opp. at 2.)

26       As noted above, it is undisputed that the complaint does not currently plead sufficient

27  facts to demonstrate Timothy has standing to bring a wrongful death claim.  Thus, the issue

28  before the Court is whether the Court should provide Plaintiffs leave to amend to allege

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1    sufficient facts.  The Court finds that the facts represented by Plaintiffs would be insufficient to

2    confer standing on Timothy under California Code of Civil Procedure § 377.60(c).  Plaintiffs

3    concede that Mr. DeSantis did not earn an income for the 180 days before his death, but rather,

4    provided support through his community property interest in the income earned by Mrs.

5    DeSantis.  Plaintiffs did not provide, and the Court did not find, any authority in support of this

6    novel proposition.  The legislature could have, but did not, extend the right to bring a wrongful

7    death action by any minor who lived with an adult for at least 180 days before that person's

8    death.  Presumably, the legislature was concerned with the loss of financial support for such

9    minors, not the loss of emotional support, because the statute has the additional requirement of

10   dependency for one-half or more of the minor's support.  Considering that the categories of

11   persons eligible to bring wrongful death actions are construed narrowly, the Court finds that

12   California Code of Civil Procedure § 377.60(c) does not extend to the facts described by

13   Plaintiffs.  *See Fraizer*, 91 Cal. App. 4th at 945.  Therefore, the Court grants Defendants'

14   motion to dismiss the wrongful death claim brought by Timothy without leave to amend.  *See*

15   *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is

16   properly denied where amendment would be futile).

17                                                    **CONCLUSION**

18          For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART

19   Defendants' motion to dismiss.  The Court DENIES Defendants' motion to dismiss as to

20   Plaintiffs' claims for excessive force and deliberate indifference to the extent they are brought

21   by Mrs. DeSantis and grants Defendants' motion to dismiss these claims to the extent they are

22   brought by Timothy and/or Dani.  The Court GRANTS Defendants' motion to dismiss as to the

23   wrongful death claim brought by Timothy without leave to amend.

24          **IT IS SO ORDERED.**

25

26   Dated: October 11, 2007                          _____

27                                                    JEFFREY S. WHITE
                                                      UNITED STATES DISTRICT JUDGE

28

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28