1  John Houston Scott,  SBN 72578
   Lizabeth N. de Vries, SBN 227215
2  **SCOTT LAW FIRM**
   1375 Sutter Street, Suite 222
3  San Francisco, CA 94109
   Telephone: (415) 561-9600
4  Facsimile:  (415) 561-9609

5
   Eric Safire, SBN  98706
6  **LAW OFFICES OF ERIC SAFIRE**
   2431 Fillmore Street
7  San Francisco, CA 94115
   Telephone: (415) 292-1940
8  Facsimile:  (415) 292-1946

9
   Attorneys for Plaintiffs
10

11 Brien J. Farrell, SBN 088318
   Caroline L. Fowler, SBN 110313
12 **CITY OF SANTA ROSA**
   100 Santa Rosa Avenue, Room 8
13 Santa Rosa, CA 95404
   Telephone: (707) 543-3040
14 Facsimile:  (707) 543-3055

15
   Attorneys for Defendants
16

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20 PATRICIA DESANTIS, individually and as    ) Case No.: C 07 3386 JSW
   Successor in Interest for RICHARD          )
21 DESANTIS, deceased, and as Guardian Ad     ) **JOINT CASE MANAGEMENT**
   Litem for DANI DESANTIS, a minor and       ) **CONFERENCE STATEMENT**
22 TIMOTHY FARRELL, a minor,                  )
                                              )
23        Plaintiffs,                         ) **Date**:  October 19, 2007
   v.                                         ) **Time**:  1:30 p.m.
24                                            ) **Place**: Courtroom 2, 17th Fl.
   CITY OF SANTA ROSA, JERRY SOARES,          )
25 RICH CELLI, TRAVIS MENKE, PATRICIA         )
   MANN and DOES 1 through 25, inclusive,     )
26                                            )
        Defendants.
27 _____

28
                                 - 1 -
   _____
                 JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1
2
3
4
5

## JURISDICTION

1.      This action arises under Title 42 of the United States Code § 1983.  Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343.  All parties have been served.  Jurisdiction and venue are not in dispute.

6

## FACTS

7
8
9
10
11

2.      On the night of April 8, 2007, Richard DeSantis told his wife, Patricia DeSantis, that he heard noises in the attic.    Sometime thereafter Richard DeSantis fired shots into the ceiling.  His wife called 911 for assistance.  She reported that her husband had fired shots into the ceiling, that he was bi-polar and that she needed help.

12
13
14

Soon thereafter six police officers arrived. Richard DeSantis and his wife, holding their two year old daughter Dani, came out of the house onto the front porch in view of the police officers.  The officers ordered Richard DeSantis to approach them.

15
16
17
18
19
20

Richard DeSantis approached the officers.  He was then ordered to lie on the ground.  Richard DeSantis eventually got on the ground but did not stay down.  He rose and approached the officers.  At that point Sgt. Jerry Soares fired a non-lethal projectile breaking DeSantis' arm.  Sgt. Rich Celli and Officers Travis Menke and Patricia Mann fired their weapons, including a rifle.  Two of the shots struck Richard DeSantis' upper torso causing his death.

21

## LEGAL ISSUES

22
23
24
25
26
27

The primary legal issues in dispute relate to whether the officers used excessive force (*Graham v. Connor*, 490 U.S. 386 (1989)) and whether the officers are entitled to qualified immunity (*Saucier v. Katz*, 121 S.Ct. 2151 (2001)).  There is also an issue as to whether the City has any independent liability under the holding of *Monell v New York City Dept. of Soc. Serv.,* 436 U.S. 658; 56 L.Ed.2d 611; 98 S.Ct. 2018 (1978).

28

- 2 -

## MOTIONS

3.    The defendants anticipate bringing a motion for summary judgment. In addition, it may be necessary for discovery motions to be brought because of the confidentiality or privacy issues related to police officers' personnel records and the decedent's medical/ psychiatric records.

## AMENDMENT OF PLEADINGS

4.    The plaintiffs will be amending their complaint to add a supplemental/ pendent state wrongful death claim. The plaintiffs will request that the defendants stipulate to this amendment. Otherwise, the plaintiffs will bring a motion.

## EVIDENCE PRESERVATION

5.    Both plaintiffs and defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

## DISCLOSURES

6.    The parties will be making initial disclosures under Rule 26 on or before October 12, 2007.

## DISCOVERY

7.    No discovery has been taken to date. Plaintiffs are informed that the Sonoma County District Attorney is still reviewing this case and this could potentially impact future discovery when the investigative report prepared by the Sheriff 's department and the District Attorney are made public. The plaintiffs intend to immediately take the depositions of the defendants – assuming they do not intend to assert a privilege under the Fifth Amendment. Defendant intends to take the deposition of plaintiff Patricia DeSantis and Timothy Farrell. Defendant further intent to seek records relating to the psychological history of Richard DeSantis.

- 3 -

1    The parties do not believe there is a need for limitations or modifications of the discovery rules at

2    this time.

3         The parties anticipate that there will be significant additional discovery once the

4    investigative report has been made public.  The parties are in the process of trying to agree upon

5    an appropriate protective order subject to court approval.

6

7                                        **CLASS ACTIONS**

8         8.      Not applicable.

9                                        **RELATED CASES**

10        9.      The mother of the decedent, Adrianne DeSantis, has brought a case that was

11   recently related to this case (*DeSantis v. City of Santa Rosa*, Case No: C 07-04474).  The parties

12   are not aware of any other related cases.

13

14                                           **RELIEF**

15        10.     The plaintiffs are seeking lost earnings, funeral and burial expenses, general

16   damages for the loss of comfort and society of the decedent, and punitive damages.  At some

17   point the plaintiffs anticipate they will be hiring a forensic economist to evaluate the lost earning/

18   financial support claim.  This would be done using traditional methods and calculations relied

19   upon by forensic economists in evaluating this type of economic loss.  Defendants contend that

20   plaintiffs are not entitled to recover any damages.

21

22                                   **SETTLEMENT AND ADR**

23        11.     The parties have stipulated to engage in Early Neutral Evaluation.  In order for the

24   process to be productive, the parties would request that scheduling of the Early Neutral

25   Evaluation be delayed until the parties have at a minimum conducted some initial discovery or

26   possibly until the investigative report has been made public.

27

28

- 4 -

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

12.     The parties will not consent to a magistrate judge for further proceedings except for purposes of a settlement conference at some later date.

**OTHER REFERENCES**

13.     This case is not suitable for reference to binding arbitration, a Special Master or Judicial Panel.

**NARROWING OF ISSUES**

14.     Defendants anticipate filing a motion for summary judgment after completing some initial discovery on the issues of qualified immunity and the Monell claim against the City which will either resolve the case or narrow the issues.

**EXPEDITED SCHEDULE**

15.     This is not the type of case that can be handled on an expedited basis.

**SCHEDULING**

16.     The parties request a trial date for September or October 2008 with a hearing date of dispositive motions in May or June 2008. The parties also propose August 2008 for discovery cut-off except for expert witnesses . For designation of expert witnesses in August 2008 with expert witness discovery cutoff thirty (30) days after the disclosure date.

**TRIAL**

17.     The case will be tried to a jury. The parties anticipate the trial to last 8 – 10 days.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

18.     None.

**MISCELLANEOUS**

19.     The parties believe that the pending investigation of the shooting by the Sheriff's department and the District Attorney will impact discovery since it may disclose additional

1  witnesses or information that the parties will need to investigate.  The parties are not aware of any

2  other matters at this time which may facilitate the just, speedy and inexpensive disposition of this

3  case.

4

5  **DATED:** October 11, 2007                                    **SCOTT LAW FIRM**

6

7                                                        By:_____/s/_____
                                                              JOHN HOUSTON SCOTT
8                                                             Attorney for Plaintiff

9
   **DATED:** October 11, 2007
10

11

12                                                      By:_____/s/_____
                                                              CAROLINE L. FOWLER
13                                                            Attorney for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT