1 | BRIEN J. FARRELL, City Attorney (SBN 088318)
CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2 | City of Santa Rosa
100 Santa Rosa Avenue, Room 8
3 | Santa Rosa, California 95404
Telephone: (707) 543-3040
4 | Facsimile: (707) 543-3055

5 | Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and
6 | Officer of the SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT ;
7 | PATRICIA MANN, an individual and officer of the
SANTA ROSA POLICE DEPARTMENT; and JERRY SOARES,
8 | an individual and Office of the SANTA ROSA POLICE DEPARTMENT

9 | John Houston Scott, Esq.  SBN 72578
Lizabeth N. de Vries, Esq. SBN 227215
10 | SCOTT LAW FIRM
1375 Sutter Street, Suite 222
11 | San Francisco, CA  94109
Telephone: (415) 561-9600
12 | Facsimile:  (415) 561-9609

13 | Eric Safire, SBN  98706
LAW OFFICES OF ERIC SAFIRE
14 | 2431 Fillmore Street
San Francisco, CA 94115
15 | Telephone: (415) 292-1940
Facsimile: (415) 292-1946
16 |
Attorneys for Plaintiffs
17 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Success in Interest for RICHARD DESANTIS, deceased, and as Guardian ad Litem for DANI DESANTIS, a minor, and TIMOTHY FARRELL, a minor, | Case No. C 07-3386 JSW |
| | **STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| CITY OF SANTA ROSA, JERRY SOARES, RICH CELLI, TRAVIS MENKE, PATRICIA MANN and DOES 1 through 25, inclusive, | |
| Defendants. | |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

1    from a Producing Party.

2         2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

3    Discovery Material in this action.

4         2.7.    <u>Designating Party</u>: a Party or non-party that designates information or items

5    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

6    Confidential - Attorneys' Eyes Only."

7         2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

8    as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

9         2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

10    retained to represent or advise a Party in this action.

11         2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

12         2.11    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well

13    as their support staffs).

14         2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter

15    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

16    witness or as a consultant in this action and who is not a past or a current employee of a Party or

17    of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

18    employee of a Party or a competitor of a Party's. This definition includes a professional jury or

19    trial consultant retained in connection with this litigation.

20         2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support

21    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

22    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

23    subcontractors.

24      3.    <u>SCOPE</u>

25         The protections conferred by this Stipulation and Order cover not only Protected

26    Material (as defined above), but also any information copied or extracted therefrom, as well as all

27    copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

28    presentations by parties or counsel to or in court or in other settings that might reveal Protected

1  Material.

2        4.    DURATION

3        Even after the termination of this litigation, the confidentiality obligations imposed by

4  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

5  order otherwise directs.

6        5.    DESIGNATING PROTECTED MATERIAL

7        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

8  or non-party that designates information or items for protection under this Order must take care

9  to limit any such designation to specific material that qualifies under the appropriate standards.

10  A Designating Party must take care to designate for protection only those parts of material,

11  documents, items, or oral or written communications that qualify - so that other portions of the

12  material, documents, items, or communications for which protection is not warranted are not

13  swept unjustifiably within the ambit of this Order.

14        Mass, indiscriminate, or routinized designations are prohibited.  Designations that

15  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

16  unnecessarily encumber or retard the case development process, or to impose unnecessary

17  expenses and burdens on other parties), expose the Designating Party to sanctions.

18  If it comes to a Party's or a non-party's attention that information or items that it designated for

19  protection do not qualify for protection at all, or do not qualify for the level of protection initially

20  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

21  mistaken designation.

22        5.2    Manner and Timing of Designations. Except as otherwise provided in this

23  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

24  material that qualifies for protection under this Order must be clearly so designated before the

25  material is disclosed or produced.

26        Designation in conformity with this Order requires:

27        (a) for information in documentary form (apart from transcripts of depositions or

28  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

1   or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that

2   contains protected material. If only a portion or portions of the material on a page qualifies for

3   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

4   making appropriate markings in the margins) and must specify, for each portion, the level of

5   protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

6   ATTORNEYS' EYES ONLY").

7           A Party or non-party that makes original documents or materials available for

8   inspection need not designate them for protection until after the inspecting Party has indicated

9   which material it would like copied and produced.  During the inspection and before the

10  designation, all of the material made available for inspection shall be deemed "HIGHLY

11  CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

12  documents it wants copied and produced, the Producing Party must determine which documents,

13  or portions thereof, qualify for protection under this Order, then, before producing the specified

14  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that

16  contains Protected Material. If only a portion or portions of the material on a page qualifies for

17  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

18  making appropriate markings in the margins) and must specify, for each portion, the level of

19  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY").

21          (b) for testimony given in deposition or in other pretrial or trial proceedings, that

22  the Party or non-party offering or sponsoring the testimony identify on the record, before the

23  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

24  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS'

25  EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

26  entitled to protection, and when it appears that substantial portions of the testimony may qualify

27  for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

28  the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

1   identify the specific portions of the testimony as to which protection is sought and to specify the

2   level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

3   ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

4   designated for protection within the 20 days shall be covered by the provisions of this Stipulated

5   Protective Order.  ·

6          Transcript pages containing Protected Material must be separately bound by the

7   court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

8   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or

9   nonparty offering or sponsoring the witness or presenting the testimony.

10          (c) for information produced in some form other than documentary, and for any

11  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

12  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

13  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the

14  information or item warrant protection, the Producing Party, to the extent practicable, shall

15  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

16  Confidential - Attorneys' Eyes Only."

17          5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

18  to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys'

19  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

20  under this Order for such material.  If material is appropriately designated as "Confidential" or

21  "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the

22  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

23  that the material is treated in accordance with the provisions of this Order.

24      6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

25          6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's

26  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

27  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

28  waive its right to challenge a confidentiality designation by electing not to mount a challenge

1 │ promptly after the original designation is disclosed.

2 │       6.2    Meet and Confer. A Party that elects to initiate a challenge to a

3 │ Designating Party's confidentiality designation must do so in good faith and must begin the

4 │ process by conferring directly (in voice to voice dialogue; other forms of communication are not

5 │ sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

6 │ explain the basis for its belief that the confidentiality designation was not proper and must give

7 │ the Designating Party an opportunity to review the designated material, to reconsider the

8 │ circumstances, and, if no change in designation is offered, to explain the basis for the chosen

9 │ designation. A challenging Party may proceed to the next stage of the challenge process only if it

10 │ has engaged in this meet and confer process first.

11 │       6.3    Judicial Intervention. A Party that elects to press a challenge to a

12 │ confidentiality designation after considering the justification offered by the Designating Party

13 │ may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

14 │ 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

15 │ challenge. Each such motion must be accompanied by a competent declaration that affirms that

16 │ the movant has complied with the meet and confer requirements imposed in the preceding

17 │ paragraph and that sets forth with specificity the justification for the confidentiality designation

18 │ that was given by the Designating Party in the meet and confer dialogue.

19 │       The burden of persuasion in any such challenge proceeding shall be on the

20 │ Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

21 │ material in question the level of protection to which it is entitled under the Producing Party's

22 │ designation.

23 │       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

24 │       7.1    Basic Principles. A Receiving Party may use Protected Material that is

25 │ disclosed or produced by another Party or by a non-party in connection with this case only for

26 │ prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

27 │ disclosed only to the categories of persons and under the conditions described in this Order.

28 │ When the litigation has been terminated, a Receiving Party must comply with the provisions of

1    section 11, below (FINAL DISPOSITION).

2         Protected Material must be stored and maintained by a Receiving Party at a

3    location and in a secure manner that ensures that access is limited to the persons authorized under

4    this Order.

5         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

6    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

7    disclose any information or item designated CONFIDENTIAL only to:

8         (a) the Receiving Party's Outside Counsel of record in this action, as well

9    as employees of said Counsel to whom it is reasonably necessary to disclose the information for

10   this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

11   attached hereto as Exhibit A;

12        (b) the officers, directors, and employees (including House Counsel) of the

13   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

14   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15        (c) experts (as defined in this Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit A);

18        (d) the Court and its personnel;

19        (e) court reporters, their staffs, and professional vendors to whom

20   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

21   Bound by Protective Order" (Exhibit A);

22        (f) during their depositions, witnesses in the action to whom disclosure is

23   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

24   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

25   Protected Material must be separately bound by the court reporter and may not be disclosed to

26   anyone except as permitted under this Stipulated Protective Order.

27        (g) the author of the document or the original source of the information.

28        7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

1  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

2  the Designating Party, a Receiving Party may disclose any information or item designated

3  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

4      (a) the Receiving Party's Outside Counsel of record in this action, as well

5  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

6  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

7  attached hereto as Exhibit A;

8      (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

9  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

10 Order" (Exhibit A), [Optional: and (3) as to whom the procedures set forth in paragraph 7.4,

11 below, have been followed];

12     (c) the Court and its personnel;

13     (d) court reporters, their staffs, and professional vendors to whom

14 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

15 Bound by Protective Order" (Exhibit A); and

16     (e) the author of the document or the original source of the information.

17     7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -

18 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

19     (a) Unless otherwise ordered by the court or agreed in writing by the

20 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

21 information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

22 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

23 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

24 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

25 primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

26 current employer(s), (5) identifies each person or entity from whom the Expert has received

27 compensation for work in his or her areas of expertise or to whom the expert has provided

28 professional services at any time during the preceding five years, and (6) identifies (by name and

1 number of the case, filing date, and location of court) any litigation in connection with which the

2 Expert has provided any professional services during the preceding five years.

3         (b) A Party that makes a request and provides the information specified in

4 the preceding paragraph may disclose the subject Protected Material to the identified Expert

5 unless, within seven court days of delivering the request, the Party receives a written objection

6 from the Designating Party. Any such objection must set forth in detail the grounds on which it

7 is based.

8         (c) A Party that receives a timely written objection must meet and confer

9 with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

10 agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

11 may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

12 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe

13 the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

14 Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

15 suggest any additional means that might be used to reduce that risk. In addition, any such motion

16 must be accompanied by a competent declaration in which the movant describes the parties'

17 efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

18 discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

19 approve the disclosure.

20      In any such proceeding the Party opposing disclosure to the Expert shall bear the

21 burden of proving that the risk of harm that the disclosure would entail (under the safeguards

22 proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

23    8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24 OTHER LITIGATION.

25      If a Receiving Party is served with a subpoena or an order issued in other litigation

26 that would compel disclosure of any information or items designated in this action as

27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

28 Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

1  and in no event more than three court days after receiving the subpoena or order. Such

2  notification must include a copy of the subpoena or court order.

3          The Receiving Party also must immediately inform in writing the Party who

4  caused the subpoena or order to issue in the other litigation that some or all the material covered

5  by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party

6  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

7  that caused the subpoena or order to issue.

8          The purpose of imposing these duties is to alert the interested parties to the

9  existence of this Protective Order and to afford the Designating Party in this case an opportunity

10  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

11  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

12  of its confidential material - and nothing in these provisions should be construed as authorizing

13  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14          9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this Stipulated

17  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

18  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

19  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

20  the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

21  and Agreement to Be Bound" that is attached hereto as Exhibit A.

22          10.    FILING PROTECTED MATERIAL. Without written permission from the

23  Designating Party or a court order secured after appropriate notice to all interested persons, a

24  Party may not file in the public record in this action any Protected Material.  A Party that seeks to

25  file under seal any Protected Material must comply with Civil Local Rule 79-5.

26          11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

27  Producing Party, within sixty days after the final termination of this action, each Receiving Party

28  must return all Protected Material to the Producing Party. As used in this subdivision, "all

1  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

2  reproducing or capturing any of the Protected Material. With permission in writing from the

3  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

4  of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party

5  must submit a written certification to the Producing Party (and, if not the same person or entity,

6  to the Designating Party) by the sixty day deadline that identifies (by category, where

7  appropriate) all the Protected Material that was returned or destroyed and that affirms that the

8  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

9  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel

10  are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

11  memoranda, correspondence or attorney work product, even if such materials contain Protected

12  Material. Any such archival copies that contain or constitute Protected Material remain subject

13  to this Protective Order as set forth in Section 4 (DURATION), above.

14       12.    MISCELLANEOUS

15           12.1    Right to Further Relief. Nothing in this Order abridges the right of any

16  person to seek its modification by the Court in the future.

17           12.2    Right to Assert Other Objections. By stipulating to the entry of this

18  Protective Order no Party waives any right it otherwise would have to object to disclosing or

19  producing any information or item on any ground not addressed in this Stipulated Protective

20  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

21  the material covered by this Protective Order.

22  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23  DATED: _Oct. 31, 2007_          THE SCOTT LAW FIRM

24

25           By:_____

           John Houston Scott

           Attorneys for Plaintiffs

26

27  //

28  //

1  DATED: 10/31/07 _____

2                                          LAW OFFICES OF ERIC SAFIRE

3                                          By: _____
                                               Eric Safire
4                                              Attorneys for Plaintiffs

5  DATED: 10/31/07 _____             CITY OF SANTA ROSA

6

7                                          By: _____
                                               Caroline L. Fowler
8                                              Assistant City Attorney
                                               Attorneys for Defendants
9

10  PURSUANT TO STIPULATION, IT IS SO ORDERED.

11  DATED: _____

12                                          _____
                                            Honorable Jeffrey S. White
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on [date] in the case of _____ [insert formal name of

7   the case and the number and initials assigned to it by the court].    I agree to comply with and to

8   be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

9   that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

10  I solemnly promise that I will not disclose in any manner any information or item that is subject

11  to this Stipulated Protective Order to any person or entity except in strict compliance with the

12  provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone

18  number] as my California agent for service of process in connection with this action or any

19  proceedings related to enforcement of this Stipulated Protective Order.

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____
                        [printed name]
23
    Signature: _____
24                      [signature]

25

26

27

28