John Houston Scott, SBN 72578
Lizebeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, CA 94109
Telephone: (415) 561-9600
Facsimile: (415) 561-9609
jhs@lawjhs.com

Eric Safire, SBN 98706
**LAW OFFICES OF ERIC SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 292-1940
Facsimile: (415) 292-1946
eric@safirelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Successor in Interest for RICHARD DESANTIS, deceased, and as Guardian Ad Litem for DANI DESANTIS,<br><br>          Plaintiffs,<br>v.<br><br>CITY OF SANTA ROSA, JERRY SOARES, RICH CELLI, TRAVIS MENKE, PATRICIA MANN and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No. C 07-03386 JSW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**(42 U.S.C. § 1983)**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

COMES NOW PLAINTIFFS, who complain of Defendants, and each of them, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under Title 42 of the United States Code § 1983. Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343.

2. The claims alleged herein arose at or near Santa Rosa California. Venue of this action lies in the United States District Court for the Northern District of California. 28 U.S.C. § 1391(b)(2).

## II. PARTIES

3. Plaintiff Patricia DeSantis is the wife of Richard DeSantis, deceased. They were married on December 18, 1998. Patricia DeSantis brings this action as an heir of the decedent and as Successor in Interest of the decedent.

4. Plaintiff Dani DeSantis is the daughter and heir of the decedent, Richard DeSantis. At all times mentioned herein, Dani DeSantis was a minor, born on April 21, 2004. This action is brought by Patricia DeSantis on behalf of Dani DeSantis as her guardian ad litem.

5. Defendant City of Santa Rosa, and at all times mentioned herein was, a municipal corporation duly organized and existing under the laws of the State of California.

6. Defendant Jerry Soares, at all times mentioned herein, was a police officer employed by the Santa Rosa Police Department as a sergeant.

7. Defendant Rich Celli, at all times herein mentioned was a police officer employed by the Santa Rosa Police Department as a sergeant.

8. Defendant Travis Menke, at all times mentioned herein, was a police officer employed by the Santa Rosa Police Department.

9. Defendant Patricia Mann, at all times mentioned herein, was a police officer employed by the Santa Rosa Police Department.

10. Plaintiffs do not presently know the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue them by these fictitious names. Plaintiffs are

informed and believe, and on that basis allege, that DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein and claimed in this lawsuit. Plaintiffs will seek leave to amend this Complaint to add their true names and capacities when they have been ascertained.

11. In doing the acts and/or omissions alleged herein, Defendants and each of them acted within the course and scope of their employment for the City of Santa Rosa and under color of authority and/or under color of state law.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted in concert with each of said other Defendants herein.

### III. STATEMENT OF FACTS

13. On Easter Sunday, April 8, 2007, Richard DeSantis, his wife and two children had dinner with other family members. Richard DeSantis was planning to return to work the next day after being out with a disabling leg injury. During his recovery from leg surgery Richard DeSantis was diagnosed with bi-polar disorder.

14. Later that night Richard DeSantis told his wife, Patricia DeSantis, that he heard (noises/voices) in the attic. His wife tried to assure him that everything was fine. Sometime thereafter Richard DeSantis fired shots into the ceiling. His wife secured the gun and called 911 for medical assistance. She reported that her husband was bi-polar and needed help.

15. Soon thereafter several police officers arrived instead of an ambulance, or medical professionals. The police did not attempt to provide medical attention. Rather, the police drew their weapons, prepared for combat, and ordered Richard DeSantis to come out of the house.

16. Richard DeSantis and his wife, holding their two year old daughter Dani, came out of the house in plain view of the police officers. The officers were positioned approximately 80 feet away, with guns drawn. The officers ordered Richard DeSantis to approach them. His wife told the officers that the gun was in the house and that this was a mental health issue. She also physically demonstrated that her husband was unarmed.

17. Richard DeSantis then approached, as directed, with his hands raised. When he got to within approximately 30 feet of the officers he was ordered to lie on the ground. Richard DeSantis got on the ground but did not stay down. He rose and approached the officers. At that point Sgt. Jerry Soares fired a non-lethal projectile breaking DeSantis' arm. Immediately thereafter Sgt. Rich Celli and Officers Travis Menke and Patricia Mann opened fire with lethal weapons, including a rifle. Two shots struck Richard DeSantis' upper torso causing his death. A third shot struck the kitchen door of the family home.

18. Defendants used excessive and unreasonable force thereby causing Richard DeSantis' death. In addition, and/or in the alternative, Defendants failed to provide medical assistance for Richard DeSantis, thereby causing his death.

19. Defendants' unreasonable and excessive use of force against Richard DeSantis and/or in the alternative, Defendants' failure to provide medical assistance for Richard DeSantis, was also the result of customs and policies of the Santa Rosa Police Department.

20. The City of Santa Rosa authorized, condoned, and/or ratified the conduct of Defendants, and each of them.

## IV. STATEMENT OF DAMAGES

21. As a result of the acts and/or omissions of Defendants, and each of them, the decedent suffered severe injury and pain prior to his death, the loss of his life, and the loss of his rights guaranteed by the Constitution of the United States, in amounts according to proof.

22. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs, and each of them, suffered the loss of the familial association of the decedent, including society, comfort, and affection, in amounts to be determined according to proof.

23. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs, and each of them, suffered the loss of the services and economic support of the decedent in amounts to be determined according to proof.

24. As a result of the acts and/or omissions of Defendants, and each of them, the Plaintiffs, and each of them, incurred expenses for the funeral and burial of the decedent in amounts to be determined according to proof.

25. The acts and/or omissions of the individual Defendants, and each of them, as alleged in this Complaint, were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional rights of the decedent. Plaintiffs therefore pray for an award of punitive and exemplary damages according to proof.

26. Plaintiffs retained private counsel to represent them in this matter and are entitled to an award of attorneys' fees.

### FIRST CAUSE OF ACTION

**(42 U.S.C. §1983 - Excessive Force)**

27. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

28. In doing the acts and/or omissions alleged herein, Jerry Soares, Rich Celli, Travis Menke, Patricia Mann, and Does 1 - 25, and each of them, used excessive and unreasonable force against Richard DeSantis, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

**(42 U.S.C. §1983 - Excessive Force)**
**(Against CITY OF SANTA ROSA)**

29. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

30. The acts and/or omissions of Defendants as alleged herein, (1) were caused by customs or policies of the Santa Rosa Police Department regarding the use of force; (2) were caused

by inadequate training, supervision, and/or discipline of officers by the Santa Rosa Police Department regarding the use of force; (3) were caused by deliberate indifference of the Santa Rosa Police Department to the excessive use of force; and/or (4) were ratified by final decision-makers of the Santa Rosa Police Department.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (42 U.S.C. §1983 - Deliberate Indifference)

31. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

32. In doing the acts and/or omissions alleged herein, Defendants Jerry Soares, Rich Celli, Travis Menke, Patricia Mann, and Does 1 - 25, and each of them, were deliberately indifferent to the need to summon or provide emergency medical care for Richard DeSantis, in violation of his rights under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### (42 U.S.C. §1983 - Deliberate Indifference)
### (Against CITY OF SANTA ROSA)

33. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

34. Defendants' failure to and/or delay in providing emergency medical care as alleged herein (1) was caused by customs or policies of the Santa Rosa Police Department; (2) was caused by inadequate training, supervision, and/or discipline of officers by the Santa Rosa Police Department; (3) was caused by deliberate indifference of the Santa Rosa Police Department; and/or (4) was ratified by final decision-makers of the Santa Rosa Police Department.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (42 U.S.C. SECTION 1983)
### (DEPRIVATION OF FAMILIAL RELATIONSHIP)
### (Against all Defendants)

35. PLAINTIFFS hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

36. By and through the acts and omissions alleged herein, Defendants, and each of them, deprived Plaintiffs of the familial relationship with their husband and father thereby violating said Plaintiffs' rights under the First and/or Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SUPPLEMENTAL STATE CLAIM

### SIXTH CAUSE OF ACTION
### (WRONGFUL DEATH - C.C.P § 377.60)

37. PLAINTIFFS hereby re-allege and incorporate by reference as though fully set forth herein all prior paragraphs of this Complaint.

38. In doing the acts and/or omissions alleged herein the defendants, and each of them, negligently or recklessly cause the death of Richard DeSantis. The City of Santa Rosa is liable under the doctrine of *respondeat superior*. As a result of the negligence or recklessness of the defendants, the plaintiffs suffered injuries and damages as are alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

//
//
//
//
//
//
//

## JURY TRIAL DEMAND

Plaintiffs hereby requests a jury trial on all issues so triable.

## PRAYER

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against the individual Defendants according to proof;
4. For prejudgment interest at the legal rate according to proof;
5. For costs and attorney's fees; and
6. For such other relief as the Court may deem proper.

Respectfully submitted,

Dated: November 12, 2007

**SCOTT LAW FIRM**

By: _____
John Houston Scott,
Attorney for Plaintiff