1  BRIEN J. FARRELL, City Attorney (SBN 088318)
   CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Room 8
3  Santa Rosa, California 95404

4  Telephone:  (707) 543-3040
   Facsimile:   (707) 543-3055
5
   Attorneys for Defendants
6  CITY OF SANTA ROSA; RICH CELLI, an individual and
   Officer of the SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
7  an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
   PATRICIA MANN, an individual and Officer of the
8  SANTA ROSA POLICE DEPARTMENT; and JERRY SOARES,
   an individual and Officer of the SANTA ROSA POLICE DEPARTMENT
9

10
                     UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13 PATRICIA DESANTIS, individually and as        Case No. C 07-3386 JSW
   Successor in Interest for RICHARD
14 DESANTIS, deceased, and as Guardian ad
   Litem for DANI DESANTIS, a minor             **ANSWER TO FIRST AMENDED
15                                               COMPLAINT**
                  Plaintiffs,
16                                               **JURY TRIAL DEMANDED**
           v.
17
   CITY OF SANTA ROSA, JERRY
18 SOARES, RICH CELLI, TRAVIS MENKE,
   PATRICIA MANN and DOES 1 through
19 25, inclusive,

20                Defendants.
                                           /
21

22     Defendants City of Santa Rosa; Jerry Soares, Rich Celli, Travis Menke and Patricia Mann

23 jointly and severally answer the First Amended Complaint as follows and respectfully request a

24 jury trial:

25                          **I.  JURISDICTION AND VENUE**

26     1. Answering paragraph 1 of the first amended complaint, these answering defendants

27 admit that this action arises under Title 42 of the United States Code, Section 1983 and that

28 jurisdiction is conferred upon this court by Title 28 of the United States Code Sections 1331 and

1343.

2. Answering paragraph 2 of the complaint, these answering defendants admit the allegations set forth therein.

## II. PARTIES

3. Answering paragraph 3 of the first amended complaint, these answering defendants lack sufficient information and or belief to respond to said allegations and basing their denial on that ground deny the allegations set forth therein.

4. Answering paragraph 4 of the first amended complaint, these answering defendants lack sufficient information and or belief to respond to said allegations and basing their denial on that ground deny the allegations set forth therein.

5. Answering paragraph 5 of the first amended complaint, these answering defendants admit the allegations set forth therein.

6. Answering paragraph 6 of the first amended complaint, these answering defendants admit the allegations set forth therein.

7. Answering paragraph 7 of the first amended complaint, these answering defendants admit the allegations set forth therein.

8. Answering paragraph 8 of the first amended complaint, these answering defendants admit the allegations set forth therein.

9. Answering paragraph 9 of the first amended complaint, these answering defendants admit the allegations set forth therein.

10. Answering paragraph 10 of the first amended complaint, these answering defendants lack sufficient information and or belief to enable them to respond to the allegations set forth therein and basing their denial on that ground deny the allegations set forth in paragraph 10.

11. Answering paragraph 11 of the first amended complaint, these answering defendants admit that at all time alleged herein the Defendant Officers were acting under color of law and in the course and scope of their employment with the City.  Except as expressly admitted herein, defendants deny the remaining allegations set forth in paragraph 11

12. Answering paragraph 12 of the first amended complaint, these answering defendants

1 | deny the allegations set forth therein..

## III. STATEMENT OF FACTS

3. Answering paragraph 13 of the first amended complaint, these answering defendants lack sufficient information and/or belief to enable them to respond to the allegation set forth therein and basing their denial on that ground deny each of the allegations set in paragraph 13 and the whole thereof.

14. Answering paragraph 14 of the first amended complaint, these answering defendants admit that Richard DeSantis fired shots into the ceiling of his residence and that his wife called 911. Defendants further admit that one of the things that she advised the 911 operator of was that her husband was bipolar. Defendants specifically deny that she asked for medical assistance or advised the 911 operator that she had secured the gun. Except as specifically admitted or denied herein, defendants lack sufficient information and/or belief to enable them to respond to the remaining allegation set forth in paragraph 14 and basing their denial on that ground deny the remaining allegations set forth in paragraph 14.

15. Answering paragraph 15 of the first amended complaint, these answering defendants admit that shortly after the 911 call was made, several police officers arrived at the DeSantis residence. Except as expressly admitted herein, defendants deny the remaining allegations set forth in paragraph 15.

16. Answering paragraph 16 of the first amended complaint, these answering defendants admit that Richard DeSantis and his wife, holding their two year old daughter, were outside of the house when the officers arrived and that an officer ordered Richard DeSantis to approach them. Except as expressly admitted herein, these answering defendants deny the remaining allegations set forth in paragraph 16.

17. Answering paragraph 17 of the first amended complaint, these answering defendants deny the allegations set forth therein and the whole thereof.

18. Answering paragraph 18 of the first amended complaint, these answering defendants specifically deny the allegations set forth therein and the whole thereof.

19. Answering paragraph 19 of the first amended complaint, these answering defendants

1  specifically deny each and every allegation set forth in paragraph 19 and the whole thereof.

2      20. Answering paragraph 20 of the first amended complaint, these answering defendants
3  deny the allegations set forth therein.

### IV. STATEMENT OF DAMAGES

5      21. Answering paragraph 21 of the first amended complaint, these answering defendants
6  specifically deny each and every allegation set forth therein and the whole thereof.

7      22. Answering paragraph 22 of the first amended complaint, these answering defendants
8  specifically deny the allegations set forth therein and the whole thereof.

9      23. Answering paragraph 23 of the first amended complaint, these answering defendants
10 specifically deny the allegations set forth therein and the whole thereof.

11     24. Answering paragraph 24 of the first amended complaint, these answering defendants
12 specifically deny the allegations set forth therein and the whole thereof.

13     25. Answering paragraph 25 of the first amended complaint, these answering defendants
14 specifically deny the allegations set forth therein and the whole thereof.

15     26. Answering paragraph 26 of the first amended complaint, these answering defendants
16 specifically deny that plaintiffs are entitled to an award of attorneys fees. Except as expressly
17 denied herein, these answering defendants lack sufficient information and/or belief to enable
18 them to answer the remaining allegations set forth therein and basing their denial on that ground
19 deny the remaining allegations set forth in paragraph 26.

### FIRST CAUSE OF ACTION

**(42 U.S.C. Section 1983- Excessive Force)**

22     27. Answering paragraph 27 of the first amended complaint, these answering defendants
23 refer to and incorporate by reference their responses to paragraphs 1 through 26, inclusive as
24 though fully set forth herein.

25     28. Answering paragraph 28, these answering defendants specifically deny the allegations
26 set forth therein and the whole thereof.

27 //

28 //

**SECOND CAUSE OF ACTION**

**(42 U.S.C. Section 1983)**
**(Against Defendant CITY OF SANTA ROSA)**

29. Answering paragraph 29 of the first amended complaint, these an answering defendants refer to and incorporate by reference their there responses to paragraphs 1 through 28, inclusive as though fully set forth herein.

30. Answering paragraph 30 of the first amended complaint, these answering defendants deny each and every allegations set forth therein and the whole thereof.

**THIRD CAUSE OF ACTION**

**(42 U.S.C. Section 1983–Deliberate Indifference)**

31. Answering paragraph 31 of the first amended complaint, these answering defendants refer to and incorporate by reference their responses to paragraphs 1 through 30, inclusive as though fully set forth herein.

32. Answering paragraph 32, these answering defendants deny each and every allegation set forth therein and the whole thereof.

**FOURTH CAUSE OF ACTION**

**(42 U.S.C. Section 1983–Deliberate Indifference)**
**(Against Defendant CITY OF SANTA ROSA)**

33. Answering paragraph 33 of the first amended complaint, these answering defendants refer to and incorporate by reference their responses to paragraphs 1 through 32, inclusive as though fully set forth herein.

34. Answering paragraph 34, these answering defendants deny each and every allegation set forth therein and the whole thereof.

**FIFTH CAUSE OF ACTION**

**(42 U.S.C. Section 1983)**
**(DEPRIVATION OF FAMILIAL RELATIONSHIP)**
**(Against all Defendants)**

35. Answering paragraph 35 of the first amended complaint, these answering defendants refer to and incorporate by reference their responses to paragraphs 1 through 34, inclusive as

though fully set forth herein.

36. Answering paragraph 36, these answering defendants deny each and every allegation set forth therein and the whole thereof.

## SUPPLEMENTAL STATE CLAIM

## SIXTH CAUSE OF ACTION

## (WRONGFUL DEATH-C.C.P. §377.60)

37. Answering paragraph 37 of the first amended complaint, these answering defendants refer to and incorporate by reference their responses to paragraphs 1 through 36, inclusive as though fully set forth herein.

38. Answering paragraph 38 of the first amended complaint, these answering defendants deny each of the allegations set forth therein and the whole thereof.

## **AFFIRMATIVE DEFENSES**

39. At all times herein mentioned, defendants, and each of them, acted in good faith and believed that they were acting properly within the law and are therefore immune from liability and entitled to the application of qualified immunity.

40. Plaintiffs fail to allege facts sufficient to state a cause of action against these answering defendants.

41. Defendant City of Santa Rosa is immune from punitive damages pursuant to the provisions of California Government Code § 818, and provisions of federal law.

42. Defendants, and each of them, acted within their scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices, which were reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States, and that defendants therefore are immune from liability.

43. All acts of defendants MANN, CELLI, SOARES and MENKE occurred in the proper exercise of police powers.

44. Decedent acted in violation of California law, thereby causing the injuries of the plaintiff, if any there were.

45. The decedent, Richard DeSantis, was at fault and negligent in the matters set forth in

the First Amended Complaint, and said fault and negligence contributed to and was the proximate cause of plaintiff's injuries and damages, if any there were. Plaintiffs' recovery must be diminished to the extent of said fault and negligence.

46. To the extent that any force was used during the incident complained of, it was privileged as being reasonably necessary, and as being believed to be reasonably necessary, in the lawful defense of the officers and third parties.

47. To the extent that any force was used in detaining Richard DeSantis, it was privileged as necessary to effect the detention, to prevent escape, or to overcome resistance.

48. If, and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in plaintiffs' claim, said complaint fails to state a cause of action and violates the provisions of California Government Code, Chapter I (commencing with section 900) and Chapter II (commencing with section 910). Defendants reserve the right to move to strike such allegations.

49. Defendants are immune from liability to plaintiffs pursuant to the provisions of California Government Code §§ 815, 815.2, 815.6, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, and 822.2.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing by her complaint;
2. That attorney's fees and costs be awarded to defendants; and
3. For such further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants, jointly and severally, hereby demand a jury trial in this action.

Dated: November ____, 2007

_____
Caroline L. Fowler
Assistant City Attorney
Attorney for Defendants
City of Santa Rosa, Santa Rosa Police Officers Rich Celli, Travis Menke, Jerry Soares and Patricia Mann