EXHIBIT G

1   BRIEN J. FARRELL, City Attorney (SBN 088318)
     CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2   City of Santa Rosa
     100 Santa Rosa Avenue, Room 8
3   Santa Rosa, California 95404

4   Telephone:  (707) 543-3040
     Facsimile:  (707) 543-3055
5

     Attorneys for Defendants
6   CITY OF SANTA ROSA; EDWIN FLINT, in his capacity
     as Chief of Police for the CITY OF SANTA ROSA;
7   RICH CELLI, an individual and Officer of the
     SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
8   an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
     and PATRICIA MANN, an individual and Officer of the
9   SANTA ROSA POLICE DEPARTMENT

10

11                UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14   PATRICIA DESANTIS, et al.,         Case No. C 07-3386 JSW (consolidated with
                            C 07-4474)

           Plaintiffs,
15                              **DEFENDANTS' RESPONSE TO**
     v.                      **PLAINTIFFS' SPECIAL**
16                              **INTERROGATORIES, SET TWO**
     CITY OF SANTA ROSA, et al.,
17

           Defendants.
18   _____/

19   PROPOUNDING PARTY:  Plaintiff PATRICIA DESANTIS

20   RESPONDING PARTY:    Defendant CITY OF SANTA ROSA

21   SET NUMBER:              TWO

22        Defendant, City of Santa Rosa, responds to Special Interrogatories, Set No. Two, served

23   on it by plaintiff Patricia DeSantis as follows:

24                     **PRELIMINARY STATEMENT**

25        This responding party has not fully completed investigation of the facts relating to this

26   case, has not fully completed discovery in this action and has not completed preparation for trial.

27   The following response is based solely upon information which is presently available and known

28   to this responding party and discloses only that information which defendant is presently aware

1  of. The following responses are given without prejudice to defendant's right to introduce

2  evidence of subsequently discovered documents, facts or evidence which have been omitted in

3  these responses through inadvertence or oversight. Further discovery, investigation, legal

4  research and analysis will supply additional facts, add meaning to the known facts, as well as

5  establish entirely new factual conclusions and legal contentions, all of which may lead to

6  substantial additions to, changes in and variations from the responses given herein. These

7  responses are given without prejudice to defendant's right to produce evidence of any

8  subsequently discovered documents, facts or evidence which these responding parties may later

9  discover or recall.

10 **INTERROGATORY NO. 6:**

11         State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

12 police officer used lethal force on duty.

13 **RESPONSE TO INTERROGATORY NO. 6:**

14         Defendant objects that the interrogatory is vague and ambiguous as to the term "used

15 lethal force" in that it is unclear whether the interrogatory seeks only those incidents in which the

16 suspect died or incidents in which an officer discharged a weapon. Without waiving said

17 objection and in a good faith effort to respond, there were 4 incidents in which officers

18 discharged a gun. Of those 4 incidents, 2 resulted in the death of the suspect and two resulted in

19 non-fatal injuries. One occurred in 2004, one in 2005, none in 2006, two in 2007.

20 **INTERROGATORY NO. 7:**

21         State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

22 police officer used non-lethal force on duty.

23 **RESPONSE TO INTERROGATORY NO. 7:**

24         Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

25 limited to the officers involved in this incident. Additionally, the term "non-lethal force" is

26 overly broad, vague and ambiguous and could include uniformed presence and/or commands as a

27 low level force option which would occur in numerous incidents. Defendant is further unable to

28 answer this interrogatory since it does not separately track use of force and would require that

1   approximately 58,758 incident reports involving an arrest be reviewed and analyzed.

2   Additionally, defendant objects that said information is not relevant or calculated to lead to the

3   discovery of admissible evidence.

4   **INTERROGATORY NO. 8:**

5        State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

6   police officer used a taser on duty.

7   **RESPONSE TO INTERROGATORY NO. 8:**

8        Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

9   limited to the officers involved in this incident. Defendant further objects that the term "used" a

10  taser is vague and ambiguous in that it is unclear whether the interrogatory is only seeking actual

11  deployment or incidents in which an officer took out the taser and merely displayed the taser and

12  threatened to deploy it.  Defendant is further unable to answer this interrogatory since it does not

13  separately track use of force and would require that approximately 58,758 incident reports

14  involving arrests be reviewed and analyzed.  Additionally, defendant objects that said

15  information is not relevant or calculated to lead to the discovery of admissible evidence since a

16  taser was not used in this incident.

17  **INTERROGATORY NO. 9:**

18       State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

19  police officer used a K-9 for defense on duty.

20  **RESPONSE TO INTERROGATORY NO. 9:**

21       Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

22  limited to the officers involved in this incident. Defendant further objects that the term "used" a

23  K-9 for defense is vague and ambiguous in that it is unclear whether the interrogatory is only

24  seeking actual deployment or incidents in which an officer took K-9 out of the vehicle and

25  merely displayed the K-9 or threatened to deploy it.  Defendant is further unable to answer this

26  interrogatory since it does not separately track use of K-9s and would require that approximately

27   58,758 incident reports involving arrests be reviewed and analyzed.  Additionally, defendant

28  objects that said information is not relevant or calculated to lead to the discovery of admissible

1    evidence since a K-9 was not deployed in this incident.

2    **INTERROGATORY NO. 10:**

3    State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

4    police officer used a baton on duty.

5    **RESPONSE TO INTERROGATORY NO. 10:**

6    Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

7    limited to the officers involved in this incident. Defendant further objects that the term "used" a

8    baton is vague and ambiguous in that it is unclear whether the interrogatory is only seeking

9    actual deployment or incidents in which an officer took out a baton and merely displayed it or

10   threatened to deploy it. Defendant is further unable to answer this interrogatory since it does not

11   separately track use of batons and objects that the interrogatory is burdensome and oppressive in

12   that it would require that approximately 58,758 incident reports involving arrests be reviewed

13   and analyzed to determine such information. Additionally, defendant objects that said

14   information is not relevant or calculated to lead to the discovery of admissible information since

15   a baton was not deployed in this incident.

16   **INTERROGATORY NO. 11:**

17   State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

18   police officer used a (less than lethal) Sage on duty.

19   **RESPONSE TO INTERROGATORY NO. 11:**

20   Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

21   limited to the officers involved in this incident. Defendant further objects that the term "used" a

22   baton is vague and ambiguous in that it is unclear whether the interrogatory is only seeking actual

23   deployment or incidents in which an officer took out a baton and merely displayed it or

24   threatened to deploy it. Defendant is further unable to answer this interrogatory since it does not

25   separately track use of batons and objects that the interrogatory is burdensome and oppressive in

26   that it would require that approximately 58,758 incident reports involving arrests be reviewed

27   and analyzed to determine such information. Additionally, defendant objects that said

28   information is not relevant or calculated to lead to the discovery of admissible information.

1   INTERROGATORY NO. 12:

2       State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

3   police officer used OC/pepper spray on duty.

4   RESPONSE TO INTERROGATORY NO. 12:

5       Defendant objects that this interrogatory is overly broad, vague and ambiguous and is not

6   limited to the officers involved in this incident. Defendant further objects that the term "used"

7   O/C pepper spray  is vague and ambiguous in that it is unclear whether the interrogatory is only

8   seeking actual deployment or incidents in which an officer took out O/C pepper spray and merely

9   displayed it or threatened to deploy it.  Defendant is further unable to answer this interrogatory

10  since it does not separately track use of O/C pepper spray  and objects that the interrogatory is

11  burdensome and oppressive in that it would require that approximately 58,758 incident reports

12  involving arrests be reviewed and analyzed to determine such information.  Additionally,

13  defendant objects that said information is not relevant or calculated to lead to the discovery of

14  admissible information since OC/pepper spray was not deployed in this incident.

15  INTERROGATORY NO. 13:

16      State the number of incidents, on an annual basis from 2002 to 2007, where a Santa Rosa

17  police officer detained a person pursuant to Welfare and Institutions Code Section 5150.

18  RESPONSE TO INTERROGATORY NO. 13:

19      Defendant objects that the interrogatory is burdensome and oppressive in that it would

20  require that approximately 58,758 incident reports involving arrests be reviewed and analyzed to

21  determine whether in fact someone was detained under Welfare and Institutions Code Section

22  5150 for that time period.  Searchable data is maintained only back to December of 2002 . From

23  December 2002 to December 2007, the department received reports of approx 3186 incidents

24  identified as possibly involving a 5150 issue.  There were approximately 1746 cases during this

25  period that were reported as persons being detained under that section.

26  INTERROGATORY NO. 14:

27      State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

28  Santa Rosa police officers received in the use of lethal force.

1    **RESPONSE TO INTERROGATORY NO. 14:**

2        The Santa Rosa Police department follows the mandated training required by the

3    California Police Officers Standards and Training Commission, a copy of which is attached

4    hereto and incorporated herein by reference. Training in use of force is not specifically broken

5    down between lethal and non lethal force although there is specifically mandated Tactical

6    Firearms training as referenced . Use of force training would be part of the Arrest and Control

7    Training–Santa Rosa refers to this as Defensive Tactics training in its training reports.

8    **INTERROGATORY NO. 15:**

9        State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

10   Santa Rosa police officers received in the use of non-lethal force.

11   **RESPONSE TO INTERROGATORY NO. 15:**

12       The Santa Rosa Police department follows the mandated training required by the

13   California Police Officers Standards and Training Commission, a copy of which is attached

14   hereto and incorporated herein by reference. Training in use of force is not specifically broken

15   down between lethal and non lethal force although there is specifically mandated Tactical

16   Firearms training as referenced . Use of force training would be part of the Arrest and Control

17   Training–Santa Rosa refers to this as Defensive Tactics training in its training reports.

18   **INTERROGATORY NO. 17:**

19       State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

20   Santa Rosa police officers received in the use of tasers.

21   **RESPONSE TO INTERROGATORY NO. 17:**

22       There is no state mandated training on use of tasers. Four (4 ) hours of training is

23   required for the use of the specific model of taser that is provided to an officer. Additionally, use

24   of taser would be covered in the mandated Arrest & Control Training (which as previously

25   indicated, Santa Rosa refers to as Defensive tactics training).

26   **INTERROGATORY NO. 18:**

27       State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

28   Santa Rosa police officers received in the use of a baton.

1    RESPONSE TO INTERROGATORY NO. 18:

2      The Santa Rosa Police department follows the mandated training required by the

3    California Police Officers Standards and Training Commission, a copy of which is attached

4    hereto and incorporated herein by reference.  Training in use of force is not specifically broken

5    down between lethal and non lethal force although there is specifically mandated Tactical

6    Firearms training as referenced . Use of force training would be part of the Arrest and Control

7    Training–Santa Rosa refers to this as Defensive Tactics training in its training reports.  There is

8    no specific mandated amount of training for batons.

9    **INTERROGATORY NO. 19:**

10      State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

11    Santa Rosa police officers received in the use of OC/pepper spray.

12    **RESPONSE TO INTERROGATORY NO. 19:**

13      The Santa Rosa Police department follows the mandated training required by the

14    California Police Officers Standards and Training Commission, a copy of which is attached

15    hereto and incorporated herein by reference.  Training in use of force is not specifically broken

16    down between lethal and non lethal force although there is specifically mandated Tactical

17    Firearms training as referenced . Use of force training would be part of the Arrest and Control

18    Training–Santa Rosa refers to this as Defensive Tactics training in its training reports.  There is

19    no specific mandated amount of training for O/C Pepper Spray.

20    **INTERROGATORY NO. 20:**

21      State the number of hours of mandatory training, on an annual basis from 2002 to 2007,

22    Santa Rosa police officers received in detaining persons pursuant to Section 5150 of the Welfare

23    and Institutions Code.

24    **RESPONSE TO INTERROGATORY NO. 20:**

25      There is not any mandated training on Section 5150 of the Welfare and Institutions Code

26    under POST requirements and Santa Rosa does not have any specific mandated training limited

27    to Welfare & Institutions Code Section 5150.  This subject matter is covered as part of other

28    mandated or recommend training that is provided.

1 | **INTERROGATORY NO. 21:**

2 | State the number of complaints of excessive force, on an annual basis from 2002 to 2007,

3 | made against Santa Rosa police officers.

4 | **RESPONSE TO INTERROGATORY NO. 21:**

5 | Defendant objects that said information is not relevant or calculated to lead to the

6 | discovery of admissible evidence and is overly broad, burdensome and oppressive in that in

7 | requires review of all complaints which are not broken down by subject matter and involves

8 | officers other than those involved in the instant case. Additionally, the interrogatory is not

9 | limited to complaints which were found to be substantiated. Defendant further objects that it is

10 | vague and ambiguous as to whether the term "Complaints" refers to lawsuit or citizen complaints

11 | in general..

12 | **INTERROGATORY NO. 22:**

13 | State the number of times an officer was disciplined for excessive force on an annual

14 | basis from 2002 to 2007.

15 | **RESPONSE TO INTERROGATORY NO. 22:**

16 | Defendant objects that said information is not relevant or calculated to lead to the

17 | discovery of admissible evidence. In addition, defendant objects that the request is burdensome

18 | and oppressive since it would require the defendant to review all disciplinary actions in said

19 | period since data is not maintained as to the number of disciplinary actions by type of discipline

20 | or nature of the factual basis for discipline. In addition, defendant objects to this interrogatory to

21 | the extent that it seeks information that violates the privacy rights of its employees.

22 |

23 | Dated: July 16, 2008

*Caroline L. Fowler*
Caroline L. Fowler
Assistant City Attorney
Attorney for Defendants
City of Santa Rosa, Santa Rosa Police Chief Ed Flint,
Santa Rosa Police Officers Rich Celli, Travis Menke,
and Patricia Mann

# Law Enforcement In-Service Training Mandates

## (California Peace Officers & Dispatchers)

### Overview of Mandates for Peace Officers

POST Tactical Firearms (PSP)  -        4 hours (every 24 months)
POST Driver Training (PSP)     -        4 hours (every 24 months)
POST Arrest & Control (PSP)    -        4 hours (every 24 months)
POST Communications (PSP)      -        2 hours (every 24 months)
OSHA Blood Borne Pathogens     -        Annual Refresher per Cal OSHA
EMSA First Aid / CPR           -        12 hours (every 3 years)
Racial Profiling (PC 13519.4)  -        2 hour min. (every 5 years)
Vehicle Pursuit Policy Update  -        1 hour min. (every year)

Recommended Training per Legislative Mandate but not mandated:

Domestic Violence Update (PC 13519(g) -  2 hours every 24 months
Mental Illness & Developmental Disabilities (PC 13515.25) – Continuing Training

Peace Officers – 24-hours of Continuing Professional Training (CPT)
- For all peace officers, including sheriffs and police chiefs
- Specific training requirements to include the following:
  - Perishable Skills Program (PSP) – min. 14 hrs every 24 months
    - Not mandated for reserves but recommended
  - POST PSP training required for Sergeants and below
    - Tactical Firearms – 4 hours
    - Driver Training – 4 hours
    - Arrest & Control – 4 hours
    - Communications (Tactical or Interpersonal) – 2 hours
  - Blood Borne Pathogenes (per Cal OSHA) – Annual Refresher
    - 2 hrs minimum if agency wishes to get POST CPT credit
  - First Aid / CPR – Frequency & Content as prescribed by Emergency Medical Services Authority (EMSA)
    - California Code of Regulations, Title 22, Division 9, Chapter 1.5, sections 100005-1000028 (referenced in POST Basic Course – LD34) and PC 13518(a)
    - 12 hours every 3 years or less based on competency written/skills test
    - Per AHA (American Heart Association)
      - CPR 3 hours
      - AED/CPR 3 ½ hours
      - First Aid 3 ½ hours
  - Racial Profiling – Required Refresher Course Every 5-years
    - PC 13519.4 (i)
    - Includes all peace officers, including reserves
    - Training to keep current with changing racial & cultural trends

Dispatchers – 24-hours of Continuing Professional Training (CPT)
- No specific training identified as of yet (should be related to function of dispatcher)

1
## V E R I F I C A T I O N

2       The undersigned is an employee of the City of Santa Rosa and I am authorized to sign on

3   its behalf.  I have read the above Defendants' Response to Plaintiffs' Special Interrogatories, Set

4   No. Two, and I am informed and I believe them to be true.

5       I declare under penalty of perjury under the laws of the State of California that the

6   foregoing is true and correct, except as to those matters stated on information and belief, and as

7   to those matters I believe them to be true.

8       Executed on _____July 16, 2008_____, in Santa Rosa, California.

9

10

11          LYNNE MARGOLIES
            Risk Manager

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

    I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Santa Rosa Avenue, Room 8, Santa Rosa, California.

3

4

    On July 16, 2008, I served the attached:

5

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**SPECIAL INTERROGATORIES, SET TWO**

6

7

The name and address of the person(s) served as shown on the envelope is:

8

John Houston Scott, Esq.               Attorneys for Plaintiffs
Lizabeth N. de Vries, Esq.           PATRICIA DESANTIS, individually and as

9

THE SCOTT LAW FIRM           Successor in Interest for RICHARD
1375 Sutter Street, Suite 222        DESANTIS, deceased, and as Guardian ad

10

San Francisco, CA  94109           Litem for DANI DESANTIS, a minor
Tel: (415) 561-9600

11

Fax: (415) 561-9609

12

Eric Safire, Esq.
LAW OFFICES OF ERIC SAFIRE

13

2431 Fillmore Street
San Francisco, CA 94115

14

Tel: (415) 292-1940
Fax: (415) 292-1946

15

16

John L. Burris, Esq.                Attorneys for Plaintiff
Benjamin Nisenbaum, Esq.        ADRIANNE DESANTIS
LAW OFFICES OF JOHN L. BURRIS

17

Airport Corporate Centre
7677 Oakport Street, Suite 1120

18

Oakland, CA  94621
Tel:  (510) 839-5200

19

Fax:  (510) 839-3882

20

[X]    (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business

21

practices. I am readily familiar with the practice of the Santa Rosa City Attorney's Office for processing of correspondence, said practice being that in the ordinary course of business,

22

correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

23

24

[ ]    (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or

25

package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) noted above.

26

27

[ ]    (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

28

[ ]    (BY FACSIMILE) I caused the said document(s) to be transmitted by facsimile machine to the addressee(s) noted above. The transmission was reported as complete and without error, and the transmission report attached hereto was properly issued by the transmitting facsimile

1  machine.

2      I declare that I am employed in the office of a member of the bar of this Court, at whose
   direction the service was made.

3

4      Executed on July 16, 2008, at Santa Rosa, California.

5

6                                                                     Kathy M. Viall

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28