JOHN HOUSTON SCOTT (SBN 72578)
LIZBETH N. de VRIES (SBN 227215)
**SCOTT LAW FIRM**
1375 Sutter Street, Suite 222
San Francisco, California 94109
Telephone: (415) 561-9600
Facsimile: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

ERIC SAFIRE, (SBN 98706)
**LAW OFFICES OF ERIC SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 292-1940
Facsimile: (415) 292-1946
eric@safirelaw.com

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Successor in Interest for RICHARD DESANTIS, deceased, and as Guardian Ad Litem for DANI DESANTIS,<br><br>　　Plaintiffs,<br>v.<br><br>CITY OF SANTA ROSA, JERRY SOARES, RICH CELLI, TRAVIS MENKE, PATRICIA MANN and DOES 1 through 25, inclusive,<br><br>　　Defendants. | Case No.: C 07-3386 JSW<br>(consolidated with C 07-04474)<br><br>**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**<br><br>Date:　To be determined, if required<br>Time:　To be determined, if required<br>Place:　Courtroom 2, 17th floor<br>Judge:　Hon. Jeffrey S. White |

**PETITION**

Plaintiffs Patricia Desantis, individually and as successor in interest for Richard Desantis, deceased, and as *guardian ad litem* for Dani Desantis' Petition this Court to Certify Defendants' Appeal as Frivolous. Defendants recently filed a Notice of Appeal from this Court's Order of October 28, 2008, *re* Cross-Motions for Summary Judgment.[1]

## I. THIS COURT'S RULING

This Court denied Defendants' motion for summary judgment on qualified immunity grounds because "considering the evidence and all reasonable inferences in the light most favorable to Defendants, the officers were aware that just before and up to their arrival, Mr. DeSantis was shooting a gun in the home in which his wife and two young children were inside. Although the could not see a gun in his hands, they did not know whether he had a gun in his pants. Sergeant Celli does not remember hearing that Mr. DeSantis was bipolar or mentally unstable before he shot him. Sergeant Celli observed Mr. DeSantis sprinting towards officers who had their weapons drawn. The Sage weapon did not successfully stop Mr. DeSantis from running at the officers. These facts were developing quickly. Less than two minutes passed from when Sergeant Celli first saw Mr. DeSantis and when he shot him. Based on these facts, a reasonable juror could find that Mr. DeSantis posed an immediate threat to the safety of the officers, and thus, the amount of force used was reasonable." Order re Cross-Motions for Summary Judgment at 10:9-19 (Document 69).

"On the other hand, viewing the evidence and all reasonable inferences in the light most favorable to moving Plaintiffs, a reasonable juror could find that the amount of force used was unreasonable. Mrs. DeSantis informed the dispatcher and the officers on the scene that Mr.

---

[1] The court has discretion to certify defendants' appeal as frivolous *sua sponte*, by petition, or by noticed motion. If necessary, the plaintiffs request that the Court set an expedited briefing schedule.

**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** 1

DeSantis did not have the gun anymore. By shooting up into the empty attic, Mr. DeSantis did not inflict, or threaten to inflict, serious physical harm. Mr. DeSantis never threatened his family members or any of the officers with the gun. Mr. DeSantis was bipolar and was in mental crisis. Mr. DeSantis was outnumbered by the officers on the scene by six to one. The officers were all armed, at least two officers had Tasers, one officer had a Sage, and another officer had his K-9 dog with him. Although Sergeant Celli initially did not order the dog or the Tasers to be used because Mr. DeSantis had been compliant and was too far away for the Taser, those circumstances changed when Mr. DeSantis started running towards the officers. When Sergeant Celli shot Mr. DeSantis, he was still six to nine yards away from Officers Menke and Mann. Mr. DeSantis' hands were visible and he did not have a weapon in them. There is no evidence that any of the officers warned Mr. DeSantis that he would be shot if he kept running towards the officers. Based on the totality of the circumstances, the Court finds that a reasonable juror could easily find that the use of deadly force against Mr. DeSantis was not reasonable." *Id.* at 10:20-11:10.

The Court also held:

"Again, viewing the facts in the light most favorable to moving Plaintiffs, Mr. DeSantis had not threatened any of his family members or any of the officers with the gun, he was mentally disturbed, he was not given any warning of the imminent use of force, let alone deadly force, and he did not present an objectively reasonable immediate threat of death or of serious injury to the officers at the time of the shooting. Moreover, the Court finds it significant that several alternative methods of capturing or subduing Mr. DeSantis were available. As Mr. DeSantis came closer, the Tasers could have been used. Moreover, the canine could have been used to stop him. With no weapon, Mr. DeSantis did not pose a serious threat of killing one of the officers until he reached them and was able to wrestle a gun away. Yet, Mr. DeSantis was shot when he was still almost twenty feet away from the closest officer. In light of such circumstances, under clearly

**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** 2

established law, a reasonable officer could not have believed that using deadly force against Mr. DeSantis was lawful." *Id.* at 12:1-12.

"On the other hand, viewing the facts in the light most favorable to Defendants, the Court cannot find as a matter of law that, under clearly established law, a reasonable officer could not have believed that using deadly force against Mr. DeSantis was lawful. Accordingly, the Court denies Moving Plaintiffs' and Defendants' motion for summary judgment as to Mrs. DeSantis' claims against the Defendant Officers." *Id.* at 12:13-17.

Notably, this Court also acknowledged that "Mrs. DeSantis testified that when Mr. DeSantis initially got up, he starting walking towards the officers. (Citations omitted.) None of the officers at the scene reported seeing anything in Mr. DeSantis' hands. (Citations omitted.) Sergeant Soares fired the less lethal Sage weapon at Mr. DeSantis after he ran approximately seven to ten yards. (Citations omitted.) When Sergeant Soares shot Mr. DeSantis with the Sage, Mr. DeSantis was approximately ten to twelve yards from Sergeant Soares and ten to fifteen yards from Officer Menke." *Id.* at 5:1-9.

## II. DISCUSSION

**A. The Right To Interlocutory Appeal Does Not Exist In This Case**

Generally, a defendant may not appeal a district court's denial of summary judgment order regarding qualified immunity where the pretrial record sets forth a "genuine" issue of fact for trial. *Johnson v. Jones*, 515 U.S. 304, (1995). In *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996), the Court clarified that *Johnson* reaffirmed that summary judgment determinations *are* appealable when they resolve a dispute concerning an "abstract issu[e] of law" relating to qualified immunity. The appellate court's jurisdiction generally is limited to questions of law and does not extend to claims in which the determination of qualified immunity depends on disputed issues of material fact. *See Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir.2000) (citing *Johnson v.*

**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** 3

*Jones,* 515 U.S. 304, 319 (1995)). In a fact specific analysis this Court found disputed issues of material fact that are determinative of whether Defendants are entitled to assert the affirmative defense of qualified immunity. Accordingly, the defendant's appeal should be certified as frivolous as being outside the scope of the appellate court's jurisdiction.

There simply is no right to an interlocutory appeal of an order denying qualified immunity, unless the defendant accepts *all* of plaintiff's facts as true. *See Adams v. Speers,* 473 F.3d 989, 990-91 (9th Cir.2007) (the defendant "can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees"). The order accurately identifies disputed material facts in the case. Therefore, the Court should certify defendants' interlocutory appeal as frivolous.

### B. The Right To Interlocutory Appeal Does Not Exist In This Case

An appeal from the denial of a motion for qualified immunity generally divests the district court of jurisdiction to proceed with the trial. *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984), *cert. denied*, 469 U.S. 829 (1984). However the district court may proceed with trial if it certifies, in writing, that defendant's claim of qualified immunity is frivolous or that defendant has forfeited his right to pretrial appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial."; see also *California ex rel. Lockyer v. Mirant Corp.*, 266 F.Supp.2d 1046, 1052 (N.D.Cal. 2003) (explaining and applying *Chuman* certification process.) "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Chuman*, 960 F.2d at 105.

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke,* 102 F.3d 1012, 1017 n. 8 (9th Cir.1996)

**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** 4

(citation omitted); *see also Wilson v. Maricopa County,* 484 F.Supp.2d 1015, 1021 (D.Ariz.2006). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George,* 322 F.3d 586, 591 (9th Cir.2003) (per curiam) (citation omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (an appeal on a matter of law is frivolous where none of the legal points are arguable on their merits); *Schering Corp. v. First DataBank Inc.,* 2007 WL 1747115, at *3 (N.D.Cal.2007).

In *Ramierz v. County of Los Angeles*, 397 F.Supp.2d 1208 (C.D.Cal. 2005), plaintiff requested and was granted *Chuman* certification. The case involved a § 1983 action for false arrest and related Fourth and Fourteenth Amendment violations. Defendant moved for summary judgment based on qualified immunity. The Court denied defendant's motion for summary judgment based on qualified immunity. The Court found that the Constitutional rights in dispute were clearly established. Genuine issues of material fact remained as to whether those clearly established rights were in fact violated. An interlocutory appeal would effectively cause unreasonable delay for plaintiff to get his case adjudicated.

*Dickerson v. McClellan*, 844 F.Supp. 391 (1994), involved a civil rights action involving the shooting death of a resident where an interlocutory appeal was certified as frivolous. Defendants' appealed the denial of a claim for qualified immunity. The Court certified that the interlocutory appeal was frivolous because key factual disputes existed that must be resolved by the trier of fact.

*Wilson v. Maricopa County*, 484 F.Supp.2d 1015 (D.Ariz. 2006) involved a § 1983 action for Eighth Amendment violations where decedent was assaulted and killed by other inmates being held in a tent city. Defendants' motion for summary judgment based on qualified immunity was denied. Defendants moved for stay based on interlocutory appeal. The Court certified the appeal

as frivolous because genuine issues of material fact existed as to the conditions of confinement at the time of the assault and what the Sheriff knew and did about such conditions.

Here defendants' motion for summary judgment based on qualified immunity was denied because of disputed material facts as to whether the decedent's threat was sufficient to justify the use of lethal force. Viewing of the evidence and all reasonable inferences in the light most favorable to plaintiffs, the motion was denied. The existence of disputed material facts precludes appellate jurisdiction. Defendants' interlocutory appeal is frivolous.

### III.   CONCLUSION

For the reasons that follow, the Court should certify the defendants' interlocutory appeal as frivolous.

DATED: November 19, 2008                                Respectfully submitted,

                                                        SCOTT LAW FIRM

                                                        By:      /s/ John H. Scott
                                                              JOHN HOUSTON SCOTT

f:\cases\cases - active\desantis\pleadings\desantis petition for certification frivolous.docx

**PLAINTIFFS' PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** 6