CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; EDWIN FLINT, in his capacity
as Chief of Police for the CITY OF SANTA ROSA;
RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA MANN, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, et al., <br><br>            Plaintiffs, <br><br>    v. <br><br> CITY OF SANTA ROSA, et al., <br><br>            Defendants. <br> _____/ | Case No. C 07-3386 JSW (consolidated with C 07-4474) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** <br><br> Date: January 9, 2009 <br> Time: 9:00 a.m. <br> Ctrm.: 2, 17th Floor <br>           Hon. Jeffrey S. White |

Defendants City of Santa Rosa, Santa Rosa Police Officers Rich Celli, Travis Menke, and Patricia Mann submit the following opposition to Plaintiff's Petition to Certify Defendants' Appeal as Frivolous:

## I.

## INTRODUCTION

Defendants filed a motion for summary judgment primarily based on the issue of qualified immunity. Plaintiff also filed a motion for summary adjudication solely as to claims against Sergeant Celli. On October 28, 2008, the court granted in part and denied in part defendants

motion for summary judgment. In denying defendants' motion for summary judgement, the court ruled that defendants were not entitled to qualified immunity at this time.

Defendants filed a timely appeal of the denial of the summary judgment on November 17, 2008.

On November 19, 2008, Plaintiffs filed a Petition to Certify Defendants' Appeal as Frivolous. The court subsequently issued an order setting a hearing date on the petition for January 9, 2009 and setting the date for defendants to file their opposition on December 12, 2008.

## II.

## DENIAL OF QUALIFIED IMMUNITY IS AN

## IMMEDIATELY APPEALABLE ORDER

The denial of a motion for summary judgment based on qualified immunity is immediately appealable. *Mitchell v. Forsyth* 472 US 511 (1985); *Behrens v. Pelliter* 516 US 299 (1996). Defendants have filed such an Appeal, and the Court is divested of jurisdiction. *Chuman v. Wright* 960 F.2d 104, 104 (9th Cir. 1992).

## III.

## DEFENDANTS' APPEAL IS NOT FRIVOLOUS

Qualified immunity is an entitlement not to stand trial that is effectively lost if a case is erroneously permitted to go to trial (*Mitchell v. Forsyth* 472 U.S. 511, 526; *Jeffers v. Gomez* 267 F.3d 895, 909). The U.S. Supreme Court has said that it is important that to resolve the issue of qualified immunity at the earliest possible stages of the litigation. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Essentially, plaintiffs argue that defendants' appeal is frivolous contending that the court's denial of the motion was based on a finding that there were triable issues of fact with regard to the qualified immunity defense. Plaintiff relies on *Johnson v. Jones* 515 U.S. 304 (1995) and *Behrens v. Pelletier* 516 U.S. 200, 313 (1996) for the proposition that a defendant may not appeal a district court's denial of summary judgment where the pretrial record sets forth a "genuine" issue of material fact for trial.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party viewing the record as a whole in light of the evidentiary burden the law places on that party." *Celotex Corp. v. Catratt,* 477 U.S. 317, 322; 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986); *Tachiquin v. Stowell,* 789 F. Supp. 1512 (E.D. Cal 1992). This requires more than a "mere existence of a scintilla of evidence in support of plaintiff's position." *United States ex. rel. Anderson v. N. Telecom, Inc.,* 52 F.3d 810, 815 (9th Cir. 1995); *Foster v. City of Fresno,* 392 F.Supp.2d 1140 (E.D. 2005).

In *Cunningham v. City of Wenatchee* 345 F.3d 802 (9th Cir. 2003), the Ninth Circuit reviewed the decisions in *Johnson* and *Behrens* and clarified the rules for interlocutory appeals from the denial of qualified immunity. The court stated:

> "From *Behrens,* our cases have distilled the following rule for interlocutory appeals from the denial of qualified immunity: We do not have jurisdiction over interlocutory appeals from district court orders that decide only whether there exists sufficient evidence to sustain the material facts shown by the plaintiff. **However, we are instructed that we do have jurisdiction from district court orders that decide not only that material facts are in dispute, but also that the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights.** When exercising jurisdiction over the latter type of order , we resolve all factual disputes in favor of the plaintiff and look to the purely legal question of whether the defendant's alleged conduct violated the plaintiff's clearly established constitutional rights." (*Id.* at page 807)

Although it does not appear from the court's order denying defendants' motion for summary judgment that its decision was based on a finding that there were disputed material facts, an interlocutory appeal on denial of qualified immunity is proper, even if the trial court finds disputes of material fact, where Defendant argues that he is entitled to qualified immunity even under the evidence submitted by plaintiffs. *V-1 Oil Co. v. Smith*, 114 F.3d, 854, 856-857 (9th Cir. 1997); *Babcock v. Tyler*, 884 F.2d 497, 501 (9th Cir. 1989) ["The questions is whether, under facts which are not in dispute, or which may be conceded for purposes of this appeal, the defendants are entitled to absolute immunity. This is a question of law."]; *Armendariz v. Penman*, 75 F.3d 1311, 1316 (9th Cir. 1995) ["The defendants assert that they are entitled to qualified immunity because, even if the facts alleged by the plaintiffs are proven to be true, those facts do not support a claim of violation of clearly established law. This basis for the defendants'

1  appeal falls within the heart of *Mitchell*, and we have jurisdiction to consider it here.
2  Determining this purely legal issue does not "consider the correctness of the plaintiff's version of
3  the facts," but only "whether the legal norms allegedly violated by the defendant were clearly
4  established at the time of the challenged actions." *Mitchell*, 472 U.S. at 528."]; *Knox v.*
5  *Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) ["Even if disputed facts exist about what
6  actually occurred, a defendant may still file an interlocutory appeal if the defendant's alleged
7  conduct in any event met the standard of objective legal reasonableness under clearly established
8  law regarding the right allegedly infringed."]; *Mendocino Environmental Center v. Mendocino*
9  *County*, 192 F.3d 1283, 1291 (9th Cir. 1999) ["Our review is thus limited to the question whether,
10 if all conflicts in the evidence that the district court identified are resolved in appellees' favor, the
11 appellants would nevertheless be entitled to qualified immunity as a matter of law for one of the
12 reasons they have advanced on this appeal."].

13       The materiality of the disputed factual issues is also a legal issue reviewable on an
14 interlocutory appeal. *Wilkins v. City of Oakland,* 350 F.3d 949, 952 (9th Cir, 2003); *Cunningham*
15 *v. Gates* 229 F.3d 1271, 1286 (*9th Cir. 2000*)

16       Although the court noted the testimony of Mrs. DeSantis offered by the plaintiffs that
17 Mrs. DeSantis stated that when her husband got up he "walked" towards the officers, which is
18 contrary to all other testimony, it ignored the testimony of Mrs. DeSantis that was offered by the
19 defendants which stated that she was unable to estimate the speed at which he was moving since
20 it is all in slow motion in her mind. (Deposition of Patricia DeSantis, page 172, line 20–25)

21       Additionally, only disputes over facts that might affect the outcome of the suit under
22 governing law preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477
23 U.S. 242, 106 S.Ct. 2505; 91 L.Ed. 2d 202 (1986).

24       Additionally, there are clearly questions of law for the appellate court to review. In this
25 case, the court placed great weight on other alternatives available to the officers in determining
26 that the conduct of the officers could be found to have been a violation of Mr. DeSantis's
27 constitutional rights. The court in its ruling stated:
28       "Moreover, the court finds it significant that several other alternative
      means of capturing or subduing Mr. DeSantis were available."

Defendant cited in its moving papers on the motion for summary judgment that contrary to plaintiffs' contentions, an officer has no constitutional duty to use nondeadly alternatives where deadly force can be justifiably used. As stated in *Scott v. Henrich* 39 F.3d 912 (9th Circuit 1994):

> "Plaintiff argues that the officers should have used alternative measures before approaching and knocking on the door where Scott was located. But **the text of the Fourth Amendment indicates, the appropriate inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them [citations omitted] Requiring officers to find and choose the least intrusive alternative would require them to exercise superhuman judgment.** In the heat of battle with lives potentially in the balance, an officer would not be able to rely on training and common sense to decide what would best accomplish his mission. Instead, he would need to ascertain the least intrusive alternative (an inherently subjective determination) and choose that option and that option only. **Imposing such a requirement would inevitably induce tentativeness by officers, and thus deter police from protecting the public and themselves. It would also entangle the courts in endless second-guessing of police decisions made under stress and subject to the exigencies of the moment.**" (*Id.,* at page 915*, emphasis added*)

In *Reynolds v. County of San Diego,* 84 F.3d, 1162, 1170 (9th Cir. 1996), the court held that declarations by the plaintiff's experts that the officers should have used different tactics did not create a genuine issue of material fact regarding the reasonableness of the officer's use of deadly force. The court therefore affirmed the trial court's granting of summary judgment in favor of the officers.

Additionally, the court completely ignored the testimony of defendants' expert and the officers as to why these alternatives were not feasible even assuming, arguendo, it is appropriate to consider this issue. This is precisely the type of 20/20 hindsight that the U.S. Supreme Court has said should not be engaged in. *Graham v. Conner* 490 U.S. 386 (1989); 109 S.Ct. 1865; 104 L.Ed 2d 443. Thus, the correct inquiry is not "whether another reasonable or more reasonable interpretation of the events can be constructed......after the fact." *Hunter v. Bryant,* 502 U.S. 224, 228 (1991). Rather, the issue is whether a reasonable officer could have believed that his conduct was justified. *Reynolds, supra*, at page 1170.

Defendants contend in this case, the court incorrectly applied the legal analysis for qualified immunity as specified in *Saucier v. Katz,* 533 U.S. 194, 200; 121 S.Ct. 2151; 150

L.Ed.2d 272 (2001). Defendants should be entitled to present this argument to the appellate court to protect its right to qualified immunity which would otherwise be effectively lost.

The issue of qualified immunity in this case does not simply involve disputed issues of fact and is therefore clearly not frivolous.

## IV.
## CONCLUSION

For the foregoing reasons, defendants respectfully request that the court find that the appeal is not frivolous and that the court not deny defendants their right to have effective appellate review of this critical issue.

Dated: December 12, 2008

_____
Caroline L. Fowler
City Attorney
Attorney for Defendants City of Santa Rosa, Santa Rosa Police Officers Rich Celli, Travis Menke, and Patricia Mann