CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA MANN, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SANTA ROSA, et al., <br><br> Defendants. <br> _____/ | Case No. C 07-3386 JSW (consolidated with C 07-4474) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: January 7, 2011 <br> Time: 9:00 a.m. <br> Ctrm: 11 (Honorable Jeffrey S. White) <br> 450 Golden Gate Avenue, 19th Fl. <br> San Francisco, CA <br><br> **Trial Date: April 11, 2011** |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Please take notice that on January 7, 2011 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, Courtroom 11, Floor 19, San Francisco, California, 94102, Defendants will move the court for an order to stay the proceedings based on Defendants filing of a Petition for Writ of Certiorari to the U.S. Supreme Court in this matter.

This motion is based on this notice, the memorandum of points and authorities filed herein, the Declaration of Caroline L. Fowler and the pleadings and papers filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants submit the following Memorandum of Points and Authorities in support of their Motion for Stay in this matter:

### I.
### INTRODUCTION

Appellants appealed the denial of their motion for summary judgment based on qualified immunity in this Civil Rights action arising out of the police shooting of Richard DeSantis. The case involves claims under both the Fourth Amendment and Fourteenth Amendment.

The 9th Circuit Court of Appeal issued a 2-1 decision denying the appeal on April 28, 2010. On May 12, 2010, Defendants filed a Motion for Rehearing and Request for Rehearing *En Banc*. On June 29, 2010, the court denied the petition on a 2-1 decision.

On July 6, 2010, the court issued Mandate. Defendants filed a Motion to Recall the Mandate on July 9, 2010, based on its intent to file a Petition for Writ of Certiorari with the United States Supreme Court in this matter and requested that the court recall the mandate in order to avoid prejudice to the defendants. The Court denied the motion.

On September 27, 2010, Defendants filed with the U.S. Supreme Court a Petition of Writ of Certiorari requesting review of the important issues raised regarding qualified immunity and now seeks a stay of this action pending the court's ruling on the Petition.

### II.
### QUALIFIED IMMUNITY ISSUES SHOULD BE RESOLVED
### AT THE EARLIEST STAGE

Qualified immunity is an entitlement not to stand trial that is effectively lost if a case is erroneously permitted to go to trial (*Mitchell v. Forsyth* 472 U.S. 511, 526; *Jeffers v. Gomez,* 267 F.3d 895, 909). The U.S. Supreme Court has said that it is important that to resolve the issue of qualified immunity at the earliest possible stages of the litigation. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). As recognized by the dissenting opinion in the 9th Circuit Opinion, the

present case involves important issues of qualified immunity arising in rapidly evolving scenarios.

Defendants contend that the majority decision is inconsistent with long established principles set forth by the U.S. Supreme Court and seeks to clarify these issues by the filing of a Petition for Writ of Certiorari.

The issues sought to be raised by the Defendants are clearly not frivolous or for purposes of delay since one justice agreed with Defendants' position.

Additionally, there are also important issues raised with respect to the standards of summary judgment and what creates a sufficient triable issue of material fact to avoid summary judgment.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party viewing the record as a whole in light of the evidentiary burden the law places on that party." *Celotex Corp. v. Catratt,* 477 U.S. 317, 322; 106 S.Ct. 2548; 91 L.Ed.2d 265 (1986); *Tachiquin v. Stowell,* 789 F. Supp. 1512 (E.D. Cal 1992). This requires more than a "mere existence of a scintilla of evidence in support of plaintiff's position." *United States ex. rel. Anderson v. N. Telecom, Inc.,* 52 F.3d 810, 815 (9th Cir. 1995); *Foster v. City of Fresno,* 392 F.Supp.2d 1140 (E.D. 2005).

Additionally, only disputes over facts that might affect the outcome of the suit under governing law preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505; 91 L.Ed.2d 202 (1986).

Despite these standards, the court found a triable issue of fact based upon an isolated portion of the testimony of Mrs. DeSantis which did not contradict the testimony of six officers and an independent eye witness.

### III.
### CONCLUSION

For the foregoing reasons, Defendants respectfully request the court stay the proceedings in order to avoid prejudice to the defendants for having to proceed with preparation for trial while resolving important issues of qualified immunity in the pending Petition for Writ of

1 | Certiorari.

2 | Dated: October 27, 2010            Respectfully submitted,

/s/
_____
Caroline L. Fowler
City Attorney
Attorney for Defendants
City of Santa Rosa, Santa Rosa Police
Officers Rich Celli, Travis Menke, and
Patricia Mann