1  JOHN HOUSTON SCOTT (SBN 72578)
   LIZABETH N. de VRIES  (SBN 227215)
2  W. GORDON KAUPP (SBN 226141)
   **SCOTT LAW FIRM**
3  1388 Sutter Street, Suite 715
   San Francisco, California 94109
4  Telephone:  (415) 561-9600
   Facsimile:   (415) 561-9609
5  john@scottlawfirm.net
   liza@scottlawfirm.net
6  gordon@scottlawfirm.net

7  BEN NISENBAUM (SBN 222173)
   **LAW OFFICES OF JOHN BURRIS**
8  7677 Oakport Street, #1120
   Oakland, CA  94621
9  Telephone: (510) 839-5200
   Facsimile: (510) 839-3883
10 bnisenbaum@hotmail.com

11 Attorneys for the Plaintiffs

   ERIC SAFIRE (SBN 98706)
   **LAW OFFICES OF ERIC SAFIRE**
   2431 Fillmore Street
   San Francisco, CA  94115
   Telephone: (415) 292-1940
   Facsimile: (415) 292-1946
   eric@safirelaw.com

   Attorneys for the Plaintiffs

12

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15

16  PATRICIA DESANTIS, individually and as      Case No.:  C 07 3386 JSW
    Successor in Interest for RICHARD
17  DESANTIS, deceased, and as Guardian Ad      **JOINT [PROPOSED] JURY**
    Litem for DANI DESANTIS, a minor and        **INSTRUCTIONS**
18  TIMOTHY FARRELL, a minor,

19          Plaintiffs,
20  v.                                          Date:    July 2, 2012
                                                Time:    2:00 p.m.
21  CITY OF SANTA ROSA, *et al.*,               Place:   Courtroom 11, 19th floor
                                                Judge:   Jeffrey S. White
22          Defendants.
                                                Trial Date: September 4, 2012
23

24

25

26

27

28

1      The parties, through their counsel, hereby propose the following jury instructions in

2  addition to the Model Ninth Circuit Jury Instructions and being jointly submitted.

3

4  Dated:  June 18, 2012                    Respectfully submitted,

5

6

7                                    By: /s/ John Houston Scott
                                         John Houston Scott
8                                        Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     - 1 -

**Form Preliminary, General, and Concluding Instruction**

In addition to standard and customary instructions to be given by the court the parties submit the following proposed instructions:

1.      Re Claim—Introductory Instruction

2.      Re Claim Against Defendant In Individual Capacity – Elements And Burden Of Proof

3.      Re Particular Rights – Fourth Amendment – Unreasonable Seizure Of Person – Excessive (Deadly And Nondeadly) Force

4.      Re Claim for Fourteenth Amendment Liberty Interest Violation – Elements And Burden Of Proof

5.      Re Rules Concerning Fourteenth Amendment Liberty Interest Standards

6.      Re Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom – Elements And Burden Of Proof

7.      Re Causation

8.      When Precise Cause Cannot Be Identified

9.      Damages – Proof

10.     Wrongful Death (Death of an Adult)

11.     Punitive Damages

1

**Stipulated Instruction No.  1**
**Re Claim—Introductory Instruction**

The plaintiffs brings their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Authority**:          Model Ninth Cir. Instructions No. 9.1
**Modifications:**     None
**Given as Proposed**:   _____
**Refused**:            _____
**Withdrawn**:          _____

2

**Stipulated Instruction No. 2**
**Re Claim Against Defendant**
**In Individual Capacity—Elements And Burden Of Proof**

In order to prevail on their § 1983 claim against defendants **Rich Celli, Travis Menke and/or Patricia Mann**, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

      1.      the defendants acted under color of law; and

      2.      the acts of the defendants deprived the plaintiffs of **their** particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under color of law.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements **as to a defendant**, your verdict should be for that defendant.

**Authority**:        Model Ninth Cir. Instructions No. 9.2
**Modified:**      No substantive modifications. Nominal modifications in bold.
**Given as Proposed**:   _____
**Refused**:         _____
**Withdrawn**:     _____

3

**Stipulated Instruction No.  3**
**Re Particular Rights—Fourth Amendment—**
**Unreasonable Seizure Of Person—Excessive (Deadly And Nondeadly) Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself, herself, or others. Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the officer or officers used excessive force when **they shot and killed decedent Richard DeSantis**.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer or officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.   The severity of the crime or other circumstances to which the officers were responding;

2.   Whether Richard DeSantis posed an immediate threat to the safety of the officers or to others;

3.   Whether Richard DeSantis was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.   The type and amount of force used; and

6.   The availability of alternative methods to take Richard DeSantis into custody or to subdue him.

**Authority**:             Model Ninth Cir. Instructions No. 9.22
**Modifications:**       No substantive modifications. Nominal modifications in bold.
**Given as Proposed**:   _____
**Refused**:             _____
**Withdrawn**:          _____

4

**Stipulated Instruction No. 4**
**Re Claim for Fourteenth Amendment Liberty Interest Violation –**
**Elements And Burden of Proof**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. Section 1983, which provides that any person or person who, under color of law, deprives another of any rights, privileges or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiffs Patricia DeSantis, Dani DeSantis and Adrienne DeSantis claim that defendants, Rich Celli, Travis Menke and Patricia Mann violated Section 1983 by unlawfully depriving them of their liberty interest in their family relationship with their husband, father or son, Richard DeSantis, in violation of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides that: "No state shall…deprive any person of…liberty…without due process of law."

In order to prevail on their Section 1983 claims against defendants Rich Celli, Travis Menke and Patricia Mann, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  the defendants acted under color of law; and

2.  the acts of the defendants deprived plaintuiffs of their Fourteenth Amendment liberty interest in the companionship of their father, husband or son decedent Richard DeSantis, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that, and I instruct you that, the defendants acted under color of law.

If you find the plaintiffs have proved by a preponderance of the evidence each of the elements they are required to prove under these instructions, your verdict should be for the plaintiffs on this claim.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

1

2   **Authority**:      *County of Sacramento v. Lewis,* 523 U.S. 833 (1988); *Porter v. Osborne,* 546 F.3d

3   1131 (9th Cir. 2008).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   **Given as Proposed**:   _____

23   **Refused**:                      _____
     **Withdrawn**:                 _____

24

25

26

27

28

6

**Stipulated Instruction No. 5**
**Re Rules Concerning Fourteenth Amendment Liberty Interest Standards**

Plaintiffs' Section 1983 claim asserts a violation of their Fourteenth Amendment liberty interest in the companionship of their father, husband, or son, decedent Richard DeSantis. In order to prevail on this claim, plaintiffs must prove that defendants Rich Celli, Travis Menke and/or Patricia Mann acted in a manner which shocks the conscience; that is, that defendants Rich Celli, Travis Menke and Patricia Mann acted with a purpose to harm Richard DeSantis unrelated to the legitimate law enforcement purposes of self-defense or the defense of others.

In determining whether defendants Rich Celli, Travis Menke and/or Patricia Mann acted with a purpose to harm Richard DeSantis unrelated to a legitimate law enforcement purpose, you are instructed that self-defense and the defense of others are legitimate law enforcement purposes.

**Authority**:     *County of Sacramento v. Lewis,* 523 U.S. 833 (1988); *Porter v. Osborne,* 546 F.3d 1131 (9th Cir. 2008).

**Given as Proposed**:  _____
**Refused**:  _____
**ithdrawn**:  _____

7

**Stipulated Instruction No. 6**
**Re Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or**
**Custom—Elements And Burden Of Proof**

In order to prevail on their § 1983 claim against defendant City of Santa Rosa alleging liability based on an official policy, practice, or custom, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     **Rich Celli, Travis Menke and Patricia Mann** acted under color of law;

2.     the acts of **Rich Celli, Travis Menke and Patricia Mann** deprived the **decedent Richard DeSantis** and the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions; and

3.     **Rich Celli, Travis Menke and Patricia Mann** acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that, and I instruct you that, the defendants **Rich Celli, Travis Menke and Patricia Mann** acted under color of law.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant City of Santa Rosa.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Santa Rosa. A practice or custom can be established by evidence of a de facto policy of failing to discipline officers for the inappropriate use of force that authorized, encouraged and condoned the use of excessive force by police.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiffs. If,

8

on the other hand, the plaintiffs have failed to prove any one or more of these elements, your

verdict should be for the defendant.

**Authority**:           Model Ninth Cir. Instructions No. 9.4  (modified)
**Modifications:**        No substantive modifications. Nominal modifications in bold.
**Given as Proposed**: _____
**Refused**:            _____
**Withdrawn**:          _____

9

**Stipulated Instruction No. 7**
**Re Causation**

In order to establish that the acts or failure to act of the defendants **Rich Celli, Travis Menke and/or Patricia Mann** deprived the **decedent Richard DeSantis** of his particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts or failure to act was so closely related to the deprivation of the **decedent's** rights as to be the moving force that caused the ultimate injury.

**Authority**:          Model Ninth Cir. Instructions No. 9.8
**Modifications:**      No substantive modifications. Nominal modifications in bold.
**Given as Proposed**:  _____
**Refused**:            _____
**Withdrawn**:          _____

10

[PROPOSED] JOINT JURY INSTRUCTIONS

**Stipulated Special Instruction No. 8**
**When Precise Cause Cannot Be Identified**


If the plaintiffs establish by a preponderances of the evidence all of the facts necessary to prove (1) that officers Mann and Menke fired at Richard DeSantis, and (2) that the intentional act of one of the defendants was a cause of the injury, and (3) that the injury was such that it could only result from the intentional act of one of the defendants, and (4) that from the circumstances of the incident the plaintiffs cannot reasonably establish which defendant's act was a cause of the injury, then you should find that each defendant is liable for the injury.

However, under these circumstances, a defendant is not liable if [he] [she] establishes by a preponderance of the evidence all of the facts necessary to prove that [his] [her] act was not a cause of the injury.


**Authority**:          BAJI Instruction No. 3.80 (modified)
**Modifications:**      None
**Given as Proposed**:  _____
**Refused**:            _____
**Withdrawn**:          _____

11

**Stipulated Instruction No.  9**
**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.  You should consider the following:

There are two categories called economic and noneconmics as described in the following instruction.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**:          Model Ninth Cir. Instructions No. 5.1
**Given as Proposed**:   _____
**Refused**:             _____
**Withdrawn**:           _____

12

**Stipulated Instruction No.  10**
**Wrongful Death (Death of an Adult)**

If you decide that plaintiffs have proved their claim against City of Santa Rosa for the death of Richard DeSantis , you also must decide how much money will reasonably compensate them for the death of Richard DeSantis.  This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages.  However, you must not speculate or guess in awarding damages.

The damages claimed by Patricia DeSantis and Dani DeSantis falls into two categories called economic damages and noneconomic damages.  You will be asked to state the two categoried of damages separately on the verdict form.

Patricia DeSantis and Dani DeSantis claim the following economic damages

1.      The financial support, if any, that Richard DeSantis would hav contributed to the family during either the life expectancy that Richad DeSantis had before his death or the life expectancy of Patricia De Santis and Dani DeSantis, whichever is shorter;

2.      The loss of gifts or benefits that Patricia DeSantis and Dani DeSantis would have expected to receive from Richard DeSantis;

3.      Funeral and burial expenses; and

4.      The reasonable value of household services that Richard DeSantis would have provided.

Your award of any future economic damages must be reduced to present cash value.

Patricia DeSantis, Dani DeSantis and Adrienne DeSantis also claim the following noneconomic damages:

1.      The loss of Richard DeSantis's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

13

No fixed standard exists for deciding the amount of noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common issue.

**Authority**:          CACI 3921 (modified)
**Given as Proposed**:   _____
**Refused**:            _____
**Withdrawn**:          _____

14

**Stipulated Instruction No.  11**
**Punitive Damages**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

15

[In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.]

[Punitive damages may not be awarded against _____.] [You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**Authority**:         Model Ninth Cir. Instructions No. 5.5
**Given as Proposed**:      _____
**Refused**:          _____
**Withdrawn**:        _____

16