CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA SEFFENS f/k/a PATRICIA MANN, an individual
and Officer of the SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, et al., | Case No. C 07-3386 JSW |
| Plaintiffs, | **MOTION *IN LIMINE* NO. 1: EXCLUDE INFLAMMATORY AND PREJUDICIAL IMAGES OF DECEDENT AFTER DEATH** |
| v. | |
| CITY OF SANTA ROSA, et al., | Pretrial Conference: July 2, 2012 |
| Defendants. | Time: 2:00 p.m. |
| / | Ctrm: 11, 19th Floor |
| | Trial Date: September 4, 2012 |

Defendants anticipate that plaintiffs will seek to introduce images of decedent RICHARD DESANTIS receiving emergency medical care or after death into evidence or use such images as demonstrative evidence. Defendants hereby move this Court for an order excluding any and all photographic evidence of decedent RICHARD DESANTIS after death, and prohibiting reference to the existence of such evidence.

The images at issue were taken as part of the underlying investigation of the shooting by the Sonoma County Sheriff's department as part of the District Attorney's investigation of the incident.

It is undisputed that RICHARD DESANTIS died as a result of injury that occurred when

he was struck by a bullet that was discharged from the rifle used by Sgt. CELLI and by a bullet discharged from a sidearm used by either Officer MENKE or Officer SEFFENS f/k/a MANN. The gravity of his injuries, outcome and cause of death are not in dispute. Defendants will agree to a stipulation as to the cause of death and/or admission of the autopsy report to establish these facts.

The motion is based upon the grounds that the evidence is unduly gruesome, and intended solely to inflame the jurors' emotions, creating a substantial danger of undue prejudice to defendants. The images should be excluded as unfairly prejudicial and irrelevant. Fed. R. Evidence 403. There are no disputed issues with respect to injury, outcome and cause of death. The only purpose behind admission of the photographs would be to elicit jury sympathy, and to inflame the jury's passion. *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1158 (9th Cir. 2006)

Reference to the existence of such evidence when the jury is not permitted to view it creates a substantial danger of prejudice to defendants because the jury may infer that the injuries are too grisly to be seen.

Plaintiff may attempt to argue that such evidence is relevant to the issue of the location of Mr. DeSantis or the location the gun shots wounds. As stated above, there is no dispute as to the location and nature of the wounds received by Mr. DeSantis and an appropriate stipulation can be fashioned to address this issue. In terms of attempting to use such evidence to determine the location of Mr. DeSantis at the time the shots were fired, there is a lack of foundation as to whether the photographs accurately reflect such a location. No testimony was taken of any of the persons who took the photographs or any of the medical personnel to determine whether Mr. DeSantis's body was moved during the course of the medical treatment that was provided on site. The photographs are therefore also not illustrative of a specific location.

//

//

Defendants respectfully request this Court's order that the evidence, and reference to its existence, be excluded.

Dated: June 12, 2012

OFFICE OF THE CITY ATTORNEY

_____
Caroline L. Fowler, City Attorney
John J. Fritsch, Assistant City Attorney
Attorney for Defendants

### ORDER

Satisfactory proof having been made, it is hereby ordered as follows:

1. Any and all photographic evidence of the decedent after his death or receiving medical treatments hall be excluded.

2. All parties' counsel shall caution, warn and instruct their clients and their witnesses from attempting to introduce such evidence during the trial of this matter, and from referring to the existence of such evidence during the trial of this matter.

Dated: July ___, 2012

_____
Hon. Jeffrey White, Judge
United States District Court