CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA SEFFENS f/k/a PATRICIA MANN, an individual
and Officer of the SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA DESANTIS, et al.,

          Plaintiffs,

    v.

CITY OF SANTA ROSA, et al.,

          Defendants.
_____/

Case No. C 07-3386 JSW

**MOTION *IN LIMINE* NO. 5:
EXCLUDE EVIDENCE OF RICHARD
DESANTIS' HISTORY OF MENTAL
HEALTH ASSESSMENT,
EVALUATION, TREATMENT AND
PROGNOSIS DURING THE
LIABILITY PORTION OF THE TRIAL**

Hon. Jeffrey S. White

Pretrial Conference: July 2, 2012
Time: 2:00 p.m.
Ctrm: 11, 19th Floor

Trial Date: September 4, 2012

    Defendants anticipate that plaintiffs may seek to introduce evidence or testimony

regarding Richard DeSantis' history of mental health assessment, evaluation, treatment and

prognosis. Defendants hereby move this Court for an order excluding any and all evidence of

Richard DeSantis' history of mental health assessment, evaluation, treatment and prognosis

during the liability phase of the trial because evidence of his medical history is not probative of

any fact supporting proof of any element of the claim against the defendants and is hearsay.

    The only relevant information evidence related to this issue is information that was

1    known to the officers at the time of the incident based on any statements that were made by

2    Patricia DeSantis to the dispatch and relayed to the officers.

3          For Fourth Amendment purposes, the inquiry is whether the officers' action are

4    objectively reasonable in light of the facts and circumstances *confronting them*.  *Graham v.*

5    *Connor* 490 U.S. 386, 394 [emphasis added].  Three core factors subject to objective standards

6    are examined: "the severity of the crime at issue, whether the suspect poses an immediate threat

7    to the safety of the officers or others, and whether he is actively resisting arrest or attempting to

8    evade arrest by flight." *Bryan v. McPherson* 630 F.3d 805, 826 (9th Cir. 2010).

9          Nothing about the *Graham* formulation and the *Bryan* discussion inquires into mental

10   health of the individual being detained because the fact finder or court assesses the officers'

11   conduct by *objective* metrics of what was the factual foundation for the act of the officer.

12   *Graham* and *Bryan* do not require evidence of the subjective impressions or speculations about

13   the inner workings inside the mind of the individual being detained.  For *Graham* and *Bryan* to

14   be meaningful, and to be meaningful gauge of the constitutionality of the conduct of officers,

15   officers must act based on information available to them, and what is knowable, and not based on

16   speculation about the emotional state of the individual being detained during the moments of

17   interaction between officer and the individual.   For the purposes of the Fourth Amendment,

18   Richard DeSantis' history of mental health assessment, evaluation, treatment and prognosis is

19   irrelevant.

20         For Fourteenth Amendment purposes, Richard DeSantis' history of mental health

21   assessment, evaluation, treatment and prognosis is also not probative of any fact supporting the

22   proof of any  element of any claim presently before the court.   To wit, the Fourteenth

23   Amendment issue is whether the use of force in this matter was "unrelated to a legitimate law

24   enforcement purpose" (*County of Sacramento v. Lewis* 523 U.S. 833 (1998)).  As in the Fourth

25   Amendment analysis, the sole focus is upon the acts of the officers founded upon the facts and

26   circumstances they confronted, and the analysis excludes the state of mind of Richard DeSantis

27   whether historically or otherwise.  Stated another way, the law does not require Officers Mann

28   and Menke, an Sgt. Celli to have been omniscient about the state of mind of Richard DeSantis, or

1    to have guessed about his intentions.  It is a sufficient law enforcement purposes that they

2    confronted the totality of the circumstances that can be partially described as an "active shooter"

3    scenario culminating in Mr. DeSantis' ignoring demands that he "Lie down" and instead

4    charging directly in a sprint at two officers that forced them both to shoot when he was about 10-

5    15 feet from the officers.

6           Additionally, the courts have acknowledged that there is no separate or different legal

7    standard to evaluate police conduct in situations in which they are dealing with mentally

8    disturbed individuals.  *Deorle v. Rutherford*, 272 F.3d 1273, 1283 (9th Cir. 2000); *Blanford v.*

9    *County of Sacramento*, 406 F.3d 1110 (9th Cir. 2005).  The specifics of any alleged mental illness

10   are not relevant to the issues in the liability phase except to the extent of information actually

11   provided to the officers.

12          Admission of such evidence may unduly influence the jury to defendants' prejudice by

13   creating additional sympathy for the decedent.

14          Defendants respectfully request this Court's order that evidence of Richard DeSantis'

15   history of mental health assessment, evaluation, treatment and prognosis be excluded during the

16   liability phase of the trial.

17          Such evidence may be admissible with respect to the damage claims and claims for future

18   loss of earnings and the loss of familial relationship.

19   Dated:  June     , 2012                              OFFICE OF THE CITY ATTORNEY

20

21                                                        _____

22                                                        Caroline L. Fowler, City Attorney
                                                          John J. Fritsch, Assistant City Attorney
                                                          Attorney for Defendants

23

24                                          **ORDER**

25          Satisfactory proof having been made, it is hereby ordered as follows:

26          1.      that evidence of Richard DeSantis' history of mental health assessment,

27                  evaluation, treatment and prognosis be excluded during the liability phase of the

28                  trial.

2.   All parties' counsel shall caution, warn and instruct their clients and their

witnesses from attempting to introduce such evidence during the trial of this

matter, and from referring to the existence of such evidence during the liability

phase of the trial of this matter.

Dated: July ___, 2012

_____
Hon. Jeffrey White, Judge
United States District Court

1   to have guessed about his intentions.  It is a sufficient law enforcement purposes that they

2   confronted the totality of the circumstances that can be partially described as an "active shooter"

3   scenario culminating in Mr. DeSantis' ignoring demands that he "Lie down" and instead

4   charging directly in a sprint at two officers that forced them both to shoot when he was about 10-

5   15 feet from the officers.

6        Additionally, the courts have acknowledged that there is no separate or different legal

7   standard to evaluate police conduct in situations in which they are dealing with mentally

8   disturbed individuals.  *Deorle v. Rutherford*, 272 F.3d 1273, 1283 (9th Cir. 2000); *Blanford v.*

9   *County of Sacramento*, 406 F.3d 1110 (9th Cir. 2005).  The specifics of any alleged mental illness

10  are not relevant to the issues in the liability phase except to the extent of information actually

11  provided to the officers.

12       Admission of such evidence may unduly influence the jury to defendants' prejudice by

13  creating additional sympathy for the decedent.

14       Defendants respectfully request this Court's order that evidence of Richard DeSantis'

15  history of mental health assessment, evaluation, treatment and prognosis be excluded during the

16  liability phase of the trial.

17       Such evidence may be admissible with respect to the damage claims and claims for future

18  loss of earnings and the loss of familial relationship.

19
    Dated:  June /2, 2012                    OFFICE OF THE CITY ATTORNEY
20
21
22                                           Caroline L. Fowler, City Attorney
                                             John J. Fritsch, Assistant City Attorney
23                                           Attorney for Defendants

24                                **ORDER**

25  Satisfactory proof having been made, it is hereby ordered as follows:

26       1.    that evidence of Richard DeSantis' history of mental health assessment,

27             evaluation, treatment and prognosis be excluded during the liability phase of the

28             trial.

---

Defendants' Motion *in Limine* No. 5, C 07-3382 JSW                                    Page 3