CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA SEFFENS f/k/a PATRICIA MANN, an individual
and Officer of the SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, et al., | Case No. C 07-3386 JSW |
| Plaintiffs, | **OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1: EXCLUDE EVIDENCE OF DRUGS DETECTED IN RICHARD DESANTIS' BLOOD** |
| v. | |
| CITY OF SANTA ROSA, et al., | |
| Defendants. | Hon. Jeffrey S. White |
| / | Pretrial Conference: July 2, 2012<br>Time: 2:00 p.m.<br>Ctrm: 11, 19th Floor |
| | Trial Date: September 4, 2012 |

Defendants hereby submit the following opposition to Plaintiffs' Motion *in limine* No. 1: Plaintiffs seeks to exclude any evidence of or reference to post-mortem toxicology results showing that Richard Desantis had "THC" (presumably meaning the principal psychoactive constituent of the cannabis plant delta 9-tetrahydrocannabinol) detected in a post-mortem femoral blood sample at the time of his death. Plaintiffs' argument is that the jury could be confused into believing that the shooting was somehow justified if Richard DeSantis had drugs in his system based on speculation that the drugs somehow caused his death instead of the bullets that struck him.

Initially, it should be noted that such confusion is impossible: there is no dispute that Richard Desantis was struck by two bullets and died as a result of the gunshots. This incident has been exhaustive investigated, and there is no contention by any investigator that Richard's THC use caused his death. The flaw in this argument is that it overlooks that evidence that the decedent was under the influence of LSD may be probative of his behavior at the time of the incident. *See Luchtel v. Hagemann,* 623 F.3d 975, 980 (9th Cir.2010) (citing hospital medical report showing that plaintiff was under the influence of crack cocaine in considering whether the police officers used a reasonable amount of force while arresting her); *Boyd v. City and County of San Francisco,* 576 F.3d 938, 944 (9th Cir.2009) (holding that evidence that the decedent was "on drugs" at the time of the incident was probative of the police officers' claim that the decedent was "acting erratically, taunting police and goading them to shoot him instead of following police commands). See also Judge Armstrong Brown's Order in *Cotton v. City of Eureka* (2010) 2010 WL 5154945.

In this case, the SRPD officers, Patricia Desantis and percipient witness Joseph Silny observed that Richard Desantis' behavior leading up to the shooting including his disregard of police orders to "prone out" and to stand up and charge at the officers was erratic and abnormal, and possibly the result of the influence of illegal drugs as well as Richard Desantis' underlying psychopathology (bipolar disorder) or other cause. Evidence that the Decedent was under the influence of THC at that time may corroborate those observations, and thus, is relevant and admissible.

Defendants respectfully request that the court deny Plaintiffs' motion in limine no. 1.

Dated: June 18, 2012                                         OFFICE OF THE CITY ATTORNEY

                                                                                          /s/
                                                                            _____
                                                                            Caroline L. Fowler, City Attorney
                                                                            John J. Fritsch, Assistant City Attorney
                                                                            Attorney for Defendants