| | |
|---|---|
| JOHN HOUSTON SCOTT (SBN 72578) | ERIC SAFIRE (SBN 98706) |
| LIZABETH N. de VRIES (SBN 227215) | **LAW OFFICES OF ERIC SAFIRE** |
| W. GORDON KAUPP (SBN 226141 | 2431 Fillmore Street |
| **SCOTT LAW FIRM** | San Francisco, CA 94115 |
| 1388 Sutter Street, Suite 715 | Telephone: (415) 292- 1940 |
| San Francisco, California 94109 | Facsimile: (415) 292-1946 |
| Telephone: (415) 561-9600 | eric@safirelaw.com |
| Facsimile: (415) 561-9609 | |
| john@scottlawfirm.net | Attorneys for the Plaintiffs |
| liza@scottlawfirm.net | |
| gordon@scottlawfirm.net | |

BEN NISENBAUM (SBN 222173)
**LAW OFFICES OF JOHN BURRIS**
7677 Oakport Street, #1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 8393882
bnisenbaum@hotmail.com

Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Successor in Interest for RICHARD DESANTIS, deceased, and as Guardian Ad Litem for DANI DESANTIS, a minor and TIMOTHY FARRELL, a minor,<br><br>Plaintiffs,<br>v.<br><br>CITY OF SANTA ROSA, *et al.*,<br><br>Defendants. | Case No.: C 07 3386 JSW<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS**<br><br>Date: July 2, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 11, 19th floor<br>Judge: Jeffrey S. White<br><br>Trial Date: September 4, 2012 |

## INTRODUCTION

The defendants have proposed two categories of jury instructions opposed by the plaintiffs: (1) six CACI instructions and (2) eleven special instructions. In addition, plaintiffs object to 9th Circuit Model Instruction 5.6 regarding "Nominal Damages" as not being appropriate in this case.

**A.     Plaintiffs Object to the following CACI instructions:**

CACI 202 - **Evidence**:  9th Circuit Model Instructions adequately cover this issue such as 1.6, 1.7, 1.8 and 1.9.

CACI 219, 220, and 221 - **Expert Witness Testimony**:  9th Circuit Model Instruction 2.11 covers this issue.

CACI 3925 - **Arguments of Counsel Not Evidence**: 9th Circuit Model Instruction 1.7 covers this issue.

CACI 3964 - **Jury Not to Consider Attorneys Fees**:  This is not included in 9th Circuit Model Instructions.

**B.     Plaintiffs Object to Defendants Special Instructions as follows:**

**1.     Evaluating Reasonableness under the Fourth Amendment**:

This is an attempt to emphasize and cherry pick some of the language out of *Graham v O'Connor*, 490 U.S. 386 (1989) The 9th Circuit Model Instruction regarding the use of force (9.22) strikes the appropriate balance.  Plaintiffs object to any special instructions beyond that.

**2.     Least Intrusive Degree of Force**:

This is another attempt to emphasize and cherry pick some of the language out of reported decisions while disregarding other language.  Plaintiffs' position is that 9th Circuit Model Instruction 9.22 appropriately covers this issue in a fair and balanced fashion.

**3.     Probable Cause**:

The plaintiffs are not alleging a false arrest in this case.  In fact, plaintiffs have stipulated that probable cause existed to detain Richard DeSantis.  This instruction could confuse and mislead the jury.  This issue is adequately addressed in 9th Circuit Model Instructions (9.22).

**4.  Discharge of a Firearm**:

Withdrawn.

**5.  Reasonable Force to Effect Arrest, Resistance**:

California Penal Code section 835a describes state law that applies to the amount of force a police officer may use to effect an arrest and overcome resistance. This is an issue that is incorporated into 9th Circuit Model Instruction 9.22. This special instruction would over emphasize one of many factors at play when police officers resort to the use of force.

**6.  Response to Person with Mental Illness**:

This instruction is inaccurate statement of the law and is misleading. *Drummond v. City of Anaheim*, 343 F.3d 1052, 1058 (9th Cir 2003).

**7.  Rules Concerning 14th Amendment Claim**:

No Objection as modified.

**8.  Jury Not to Consider Damages at this Time**:

No Objection if trial is bifurcated.

**9.  No Punitive Damages Against Public Entity**:

No Objection.

**10**.  **Survivorship Damages**:

Neither the Supreme Court nor the Ninth Circuit have addressed whether nor not a state's damage limitations for a wrongful death claim are inconsistent with §1983. See *Robertson*, 436 U.S. at 594-95 ("We intimate no view . . . about whether abatement based on state law could be allowed in a situation in which deprivation of federal rights caused death"); *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1060 (9th Cir. 2010) (acknowledging that "The Ninth Circuit has not addressed the question of what damages are available under a Section 1984 wrongful death claim"); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 n.7 (9th Cir. 1987) (acknowledging but declining to decide the issue).

Other circuits have concluded that when a violation of federal civil rights results in death of the victim, state statutes limiting the remedies of the victim's estate and family members are not consistent with the purposes of § 1983. See, e.g., *Berry v. City of Muskogee*, 900 F.2d 1489, 1499-1507 (10th Cir. 1990); *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), overruled on other grounds by Russ v.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS

Case3:07-cv-03386-JSW Document163 Filed06/19/12 Page4 of 6

Watts, 414 F.3d 783 (7th Cir. 2005); *Jaco v. Bloechle*, 739 F.2d 239, 241-45 (6th Cir. 1984). In *Bell*, the Seventh Circuit explained that the Wisconsin law precluding recovery to the victim;s estate for loss of life was inconsistent with the deterrent policy of § 1983 and the Fourteenth Amendment's protection of life:

> [S]ince in the instant case the killing is the unconstitutional act, there would result more than a marginal loss of influence on potentially unconstitutional actors and therefore on the ability of Section 1983 to deter official lawlessness if the victim's estate could not bring suit to recover for loss of life.

*Bell*, 746 F.2d at 1239. In *Berry*, the Tenth Circuit held that the application of Oklahoma's survival statute, which arguably limited recovery to property loss and loss of earnings by the decedent between the time of injury and death, would be inconsistent with Congress's intention to provide significant recompense when a constitutional violation causes the death of a victim and would result in deficient deterrence. *Berry*, 900 F.2d at 1506.

Courts in the Southern, Central, and Northern Districts, however, have generally opted not to apply § 377.34's limitation on damages for pain, suffering, or disfigurement, finding it inconsistent with the purposes of § 1983. *See, e.g.*, *Hirschfield v. San Diego Unified Port Dist.*, 2009 WL 3248101, at *4 (S.D.Cal. Oct. 8, 2009); *Garcia v. Whitehead*, 961 F. Supp.230, 233 (C.D. Cal. 1997) (providing, in part, "The Court does not find persuasive the notion that punitive damages provide an adequate deterrent effect. Even where a constitutional violation is found, punitive damages are never available against the agency itself in a section 1983 action, and are not always warranted against the individual defendant."); *Williams v. City of Oakland*, 915 F.Supp. 1074 (N.D.Cal. 1996) (providing, in part, "the amount of [punitive] damages will be governed by the financial condition of the individual officer without regard to the pain and suffering he may have inflicted on the decedent"); *Guyton v. Phillips*, 532 F.Supp. 1154, 1166 (C.D.Cal. 1981) (noting that: "Federal decisional law leaves little doubt that if there were no applicable state survival statute the action would not be permitted to abate. Otherwise the purpose of the Civil Rights Act of 1871 would be thwarted"; "pain and suffering sustained prior to death is recoverable in a majority of jurisdictions"; and "[t]he inescapable conclusion is that there may be substantial deterrent effect to conduct that results in the injury of an individual but virtually no deterrent to conduct that kills its victim.").

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS

Plaintiffs propose a modified special instruction attached as Exhibit A on this issue.

**11.     Bad Tactics Not An Issue**:

Tactics is one of many factors that jury may consider in evaluating the totality of the circumstances. This instruction emphasizes one issue at the expense of others. Model Instruction 9.22 adequately covers this issue.

Dated: June 18, 2012

Respectfully submitted,

By: /s/ John Houston Scott
John Houston Scott
Attorneys for Plaintiffs

# **EXHIBIT A**

## SPECIAL INSTRUCTION NO. 10

### SURVIVORSHIP DAMAGES
### (FOURTH AMENDMENT CLAIM)

If you decide that plaintiff PATRICIA DESANTIS has proved her Fourth Amendment claim for excessive force in the death of Richard DeSantis, you also must decide how much money to award. Damages for a Fourth Amendment violation are limited to the monetary amount of damages recoverable by the decedent. On the Fourth Amendment claim, plaintiffs are permitted to recover damages for decedent's pain and suffering, funeral and burial expenses and punitive damages.

Authority:

*Williams v. City of Oakland*, 915 F.Supp. 1074 (N.D.Cal. 1996); *Guyton v. Phillips*, 532 F.Supp. 1154, 1166 (C.D.Cal. 1981); *Garcia v. Whitehead*, 961 F. Supp.230, 233 (C.D. Cal. 1997)

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS