IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA DESANTIS, et al.,

    Plaintiffs,

v.

CITY OF SANTA ROSA, et al.,

    Defendants.

No. C 07-03386 JSW

**ORDER REGARDING ADMINISTRATIVE MOTIONS**

Now before the Court are several administrative motions filed Defendants. Defendants move for a limiting instruction to the jury regarding the fact that Richard DeSantis was unarmed when he was shot by the defendant officers. Defendants argue that such evidence is irrelevant because evidence that was not available to the defendant officers at the time of the incident and, thus, is not relevant to the objective excessive force inquiry. *See Sherrod v. Berry*, 856 F.2d 802, 807 (7th Cir. 1988). Plaintiffs argue that the evidence that DeSantis was unarmed is relevant to support the credibility of Plaintiff Patricia DeSantis' testimony that she patted down DeSantis and told the officers that he was not armed. The Court finds that the evidence that DeSantis was unarmed may be relevant, depending upon what other evidence is submitted into the record. Additionally, unless and until Plaintiffs seek to admit such evidence and it is clear for what purpose the evidence is offered, ruling upon any limiting instruction is premature. Therefore, the Court RESERVES RULING on Defendants' motion. However, because it is not yet clear whether such evidence will be admissible, the Court HEREBY ORDERS that Plaintiffs shall not mention evidence of the fact that DeSantis was, in fact, not armed in their opening statement. This ruling does not preclude Plaintiffs from describing the anticipated

testimony from Patricia DeSantis regarding what she told the officers and what she did at the scene.

Defendants also move the Court to reconsider its ruling that the drug found in DeSantis' body during his autopsy is relevant because the drug contributed to his erratic behavior. However, as Defendants argue in connection with their motion for a limiting jury instruction regarding the fact that DeSantis was unarmed, the fact that DeSantis had Delta 9_THC in his blood and MTA in his urine is not relevant to what the defendant officers knew at the time of the incident. The fact that the presence of these drugs was detected in his body during the autopsy was not known to the defendant officers at the time of the incident and, thus, is not relevant to the excessive force inquiry. Moreover, the Court finds that allowing Defendants to rely on expert testimony disclosed just before trial would be unfairly prejudicial to Plaintiffs. Defendants were aware of the Court's ruling on this motion *in limine* at the pretrial conference held on July 3, 2012. Defendants have not provided any explanation as to why they waited almost two months, until just a week before trial, to seek to introduce this new expert testimony. Accordingly, the Court DENIES Defendants' motion for an *in camera* hearing to admit evidence of drugs detected in DeSantis during the autopsy.

Defendants also move for the Court to rule on Defendants' evidentiary objections to Plaintiffs' Exhibit 2 - a graphic prepared to support the testimony of one of Plaintiffs' experts. Defendants contend that this exhibit was not produced as part of the expert report and is based on insufficient or inaccurate data. Plaintiffs counter that Defendants may cross-examine to attack the sufficiency or accuracy of this exhibit. The Court DENIES Defendants' request for an *in camera* review. Defendants' objections go to the weight of the evidence, and not its admissibility. Defendants may supplement their witness list with Kevan Kurt and Darin Dougherty as rebuttal witnesses, but Defendants will not be provided any additional time.

The Court had reserved ruling on Defendants' motion *in limine* number 1 to exclude images of DeSantis after his death as inflammatory and unduly prejudicial. After the parties' efforts to meet and confer, Defendants' still assert objections to Plaintiffs' Exhibits 1-2 (8976),

1-3 (8974), 1-8 (8988), 1-9 (8987), 1-10 (8983), and 1-28 (8903). The Court OVERRULES Defendants' objections to these exhibits.

On September 4, 2012, Defendants filed another administrative motion to quash the subpoenas served by Plaintiffs on July 17, 2012 and August 30, 2012 and to have this motion heard on shortened time. The Court GRANTS Defendants' motion to have this administrative motion heard on shortened time. No response from Plaintiffs is necessary. The Court GRANTS IN PART and DENIES IN PART Defendants' motion. The Court DENIES Defendants' request to quash the subpoenas in full, but GRANTS the request that the production be limited to a single exemplar of each category. The Court FURTHER ORDERS that the parties shall meet and confer regarding rendering the weapons safe and inoperable while the weapons are in the Court.

**IT IS SO ORDERED.**

Dated: September 4, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE