IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA DESANTIS, et al.

    Plaintiffs,

    v.

CITY OF SANTA ROSA, et al.,

    Defendants.

No. C 07-03386 JSW

**COURT'S VOIR DIRE**

### STATEMENT OF THE CASE

Richard DeSantis was shot and killed in front of his home early in the morning of April 9, 2007 by Santa Rosa officers who responded to a 911 call by his wife, Patricia DeSantis. Patricia DeSantis reported on the 911 call that Richard DeSantis had discharged a handgun into the ceiling of their residence because he was "shooting at the people who were hiding up in the attic," that he was protecting his family, and that he was mentally unstable. Richard DeSantis died from gunshot wounds from the Defendant Officers as he was approaching them and was pronounced dead at the scene of the incident.

In this lawsuit, the decedent's wife, Patricia DeSantis, the decedent's daughter, Dani DeSantis, and the decedent's mother, Adrianne DeSantis, are bringing claims against the officers who discharged firearms at Mr. DeSantis. Patricia and Dani DeSantis are also bringing a claim against the City of Santa Rosa on the grounds that the City had a de facto policy of failing to discipline officers that encouraged and caused the use of excessive force. You will be called upon to decide whether the Defendant Officers are liable for excessive force and whether the City of Santa Rosa is liable for violating Plaintiffs' constitutional rights.

Defendants deny that Defendants acted with a purpose to cause harm unrelated to the legitimate object of arrest and contend that the use of deadly force was objectively reasonable under the circumstances of this case. Defendants further deny the existence of any defacto policy of failing to discipline officers that encouraged or caused any alleged use of excessive force.

**QUESTIONS TO PANEL**

1. Has any member of the panel heard or read anything about the case?
2. The Plaintiffs in this case are Patricia DeSantis, Dani DeSantis and Adrianne DeSantis, and they are represented by John Burris, John Houston Scott, Lisabeth N. de Vries, and Eric Safire.
   a) Do any of you, or any member of your family or your close friends, know any of these persons?
   b) Have any of you, or any member of your family or your close friends, had any business dealing with them or were represented by them?
   c) Have any of you, or any member of your family or your close friends had any other similar relationship or business connection with any of them?
3. The Defendants in this case are the City of Santa Rosa, and individual officers Rich Celli, Travis Menke and Patricia Seffens f/n/a Patricia Mann. Defendants are represented by Caroline L. Fowler and John J. Fritsch.
   a) Do any of you, or any member of your family or your close friends know any of these persons?
   b) Have any of you, or any member of your family or your close friends had any business dealing with them or were represented by them?
   c) Have any of you, or any member of your family or your close friends had any other similar relationship or business connection with any of them?
4. As I indicated, my name is Jeffrey S. White. Do any of you know me?

5. My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?

6. **[The Court shall introduce the witnesses to the array. The Judge will direct members of the array to raise their hands and keep their hands raised if they recognize a name]:** Do any of you know or have any of you had dealings, directly or indirectly, with any of the following individuals or organizations whose names may be mentioned or who may be witnesses during the course of this trial?

7. Do any of you know or have any of you had dealings, directly or indirectly, with any other police officers in the City of Santa Rosa?

   a) If you answer is yes, what was the nature of your dealings with the officer(s)?

   b) Is there anything about your dealings with that person or persons that would prevent you from being a fair and impartial juror in this case?

8. This case is a civil rights case, which involves allegations involving Plaintiffs' constitutional rights. Is there anything about the nature of this type of case that would make it difficult for you to be a fair and impartial juror?

9. Have any of you or anyone in your immediate family had any training in the law, including any specialized training in civil rights law?

   a) Is there anything about that knowledge or training that would affect your ability to be a fair and impartial juror in this case?

10. Do any of you personally know any law enforcement officers?

    a) How do you know that person?

    b) Is there anything about that knowledge of that person or your relationship with them that would affect your ability to be a fair and impartial juror in this case?

3

11. Have any of you, any member of your family or any close friend ever been physically subdued, restrained, or injured by police officers?
    a) Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

12. Have you ever personally witnessed a law enforcement officer use force against an individual, to effect an arrest or to otherwise restrain them?

13. Have any of you, any member of your family or any close friend ever had any other type of contact with a police department or police officer, including but not limited to the Santa Rosa Police Department, which would in any way influence the way you would analyze the facts and law in this case?

14. Have any of you ever called 911?
    a) Is there anything about your experience with the 911 call that would affect your ability to be a fair and impartial juror in this case?

15. Have any of you had any experiences with mentally ill persons that would affect your ability to be a fair and impartial juror in this case?

16. Do any of you have beliefs or opinions about mentally ill persons that would impact your ability to be a fair and impartial juror in this case?

16a. There may be evidence in this trial that the decedent, Mr. DeSantis, took certain illicit drugs on occasion. Would this fact affect your ability to be fair and impartial in this case?

17. Have any of you, any member of your family or any close friend ever been employed by or worked with the City of Santa Rosa?
    a) Is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

18. If you are selected as a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide whether to believe or reject all or part of a witness' testimony. Do any of you feel that this is something you cannot do?

19. If you are selected to sit on this case, is there anyone who thinks they will not be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

20. Having heard the questions put to you by the Court, can any of you think of any other reason suggest as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

21. Do any of you have anything that you would like to bring to the Court's attention (*e.g.*, health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?