CAROLINE L. FOWLER, City Attorney (SBN 110313)
JOHN J. FRITSCH, Assistant City Attorney (SBN 172182)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants
CITY OF SANTA ROSA; RICH CELLI, an individual and Officer of the
SANTA ROSA POLICE DEPARTMENT; TRAVIS MENKE,
an individual and Officer of the SANTA ROSA POLICE DEPARTMENT;
and PATRICIA SEFFENS f/k/a PATRICIA MANN, an individual
and Officer of the SANTA ROSA POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>    Defendants.<br>_____ / | Case No. C 07-3386 JSW<br><br>**EVIDENTIARY OBJECTION TO PLAINTIFFS' EXHIBITS 10; 11; 12; 13; AND 14**<br><br>Ctrm: 11, 19th Floor<br><br>Trial Date: September 4, 2012 |

Plaintiffs' advised on Friday September 8, 2012 that they intend to introduce plaintiffs' proposed Exhibit 10 POST Learning Domain 33 Workbook Series: Arrest Methods/Defensive Tactics; Exhibit 11 City of Santa Rosa Traning Manual "Control of Persons/Prisoners/Mentally Ill"; Exhibit 12 City of Santa Rosa Crisis Intervention Training, December 26, 2001; Exhibit 13 "Effective Police Contacts with Mentally Ill Citizens" Training; and Exhibit 14 Arrest and Control Expanded Course Outline through testimony on Monday, September

Defendants object as follows. These exhibits are irrelevant under Rule of Evidence 401 to the *Graham v. Connor* (1989) 490 U.S. 386 "objective reasonableness" analysis that applies to the claims versus the officers. The "reasonableness" of the particular use of force must be judged from the perspective of a reasonable officer without the benefit of hindsight. The

existence of evidence of training materials does not make the existence of a fact bearing on the question of "objective reasonableness" of an officer's conduct more or less probable.

The existence of evidence of the content of training materials would be relevant if there existed a *Monell* "failure to train" claim, and there is no such claim in this case because the court previously granted summary judgment to City on this issue.

If the court concludes that the exhibits, or any of them, have some tendency to make a fact more or less probable than it would be without the evidence, evidence of the exhibits should be excluded via Rule of Evidence 403 because such evidence will confuse and mislead the jury to conclude that the Exhibits set a standard of care, and that plaintiff can meet its burden of proof by evidence of a some deviation from a training manual as breach of a standard of care when the proper constitutional standard is "objective reasonableness", not negligence . In California, admission of evidence of the existence of a governmental rule or guideline for a standard of conduct as a standard of care and in support of negligence and negligence *per se* claims is expressly precluded by statute. (California Evidence Code section 669.1) Moreover, the standard in this case is whether the officers' violated constitutional rights or acted with a purpose unrelated to a legitimate law enforcement purpose.

Defendants respectfully request this Court sustain defendants' objection to this evidence that the evidence, and reference to its existence, be excluded. In the alternative, defendants request a limiting jury instruction.

Dated: September 10, 2012

OFFICE OF THE CITY ATTORNEY

Caroline L. Fowler, City Attorney
John J. Fritsch, Assistant City Attorney
Attorney for Defendants