1

2

3

4

5                     IN THE UNITED STATES DISTRICT COURT

6

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    PATRICIA DESANTIS, et al.,

9            Plaintiffs,                          No. C 07-03386 JSW

10   v.

11   CITY OF SANTA ROSA, et al.,                  **ORDER REGARDING
                                                  DEFENDANTS' MOTION** *IN*
12           Defendants.                          *LIMINE* **NO. 2**

13   _____/

14

15          At the pretrial conference, the Court granted Defendants' motion *in limine* No. 2 to

16   exclude evidence of prior or subsequent "use of force" acts by the City and/or individual officer

17   defendants.  In support of and in response to this motion, both Defendants and Plaintiffs focused

18   on a particular incident by Defendant Richard Celli in the *Thurston v. Santa Rose Police Dept.*,

19   Case No. 08-1115 CRB ("Thurston case").  The Court found that the facts of *Thurston* were too

20   dissimilar from this matter to be relevant to the *Monell* claim here.  The Court further noted that

21   the trial court in *Thurston* granted summary judgment for the defendants on the grounds that the

22   plaintiff had not demonstrated the existence of a genuine issue of material fact regarding the use

23   of excessive force.  On this basis, the Court granted Defendants' motion *in limine*.  The Court is

24   willing to reconsider its ruling to exclude all evidence of prior "use of force" acts, if Plaintiffs

25   submit a offer of proof to demonstrate the existence of specific prior incidents in which officers

26   used excessive force and were not disciplined.

27          The Court notes that Plaintiffs contend that the prior chief of police had a policy of

28   disciplining use of force only if the officers' use of force was criminal beyond a reasonable

**United States District Court**
For the Northern District of California

**United States District Court**

For the Northern District of California

1   doubt.  However, even if that was the prior police chief's policy, such a policy must have been

2   the *moving force* behind Plaintiffs' alleged constitutional violation here.  *See Blair v. City of*

3   *Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *see also Oviatt v. Pearce*, 954 F.2d 1470, 1474

4   (9th Cir. 1992).  Therefore, Plaintiffs must show that there were actual incidents in which

5   officers used excessive force and were not disciplined, according to this stated policy.

6   Otherwise, if no officers ever used excessive force, then this alleged incorrect policy would not

7   have caused any constitutional violation here.  Accordingly, the Court HEREBY ORDERS

8   Plaintiffs to file an offer of proof by no later than 7:00 a.m. on September 11, 2012.  In this

9   offer of proof, Plaintiffs shall describe the facts of any alleged prior incidents in which officers

10  used excessive force and what evidence Plaintiffs seek to admit to prove these alleged incidents

11  of excessive force.  The Court further notes that Plaintiffs must show that any alleged prior

12  incidents of excessive force are similar to the facts alleged in this matter.

13          **IT IS SO ORDERED.**

14

15  Dated:  September 10, 2012

16                                                            JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28