John Houston Scott (SBN 72578)
Lizabeth N. De Vries (SBN 227215)
W. Gordon Kaupp (SBN 226141)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone:  (415) 561-9600
Facsimile:   (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net
gordon@scottlawfirm.net

John L. Burris (SBN 69888)
Ben Nisenbaum (SBN 222173)
**LAW OFFICES OF JOHN L. BURRIS**
7677 Oakport Street, #1120
Oakland, CA  94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3883
bnisenbaum@hotmail.com

Eric M. Safire (SBN 98706)
**LAW OFFICES OF ERIC M. SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 292-1940
Facsimile:  (415) 292-1946
eric@safirelaw.com

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Successor in Interest for RICHARD DESANTIS, deceased, and as Guardian Ad Litem for DANI DESANTIS,<br><br>       Plaintiffs,<br>v.<br><br>CITY OF SANTA ROSA, *et al.*,<br><br>                        Defendants. | Case No.:  C 07 3386 JSW<br><br>**PLAINTIFFS' OFFER OF PROOF RE** ***MONELL*** **CLAIM**<br><br>Courtroom 11, 19th floor<br>Judge:   Jeffrey S. White |

In response to this court's recent order the Plaintiffs respond as follows. They do not have evidence of prior incidents of excessive force similar to the facts alleged in this case. Plaintiffs' discovery was not directed toward that issue, nor did Plaintiffs offer any evidence on summary judgment relating to that issue.

Based on the evidence obtained during discovery it was Plaintiffs' theory that the *de facto* policy, together with the absence of discipline for any use of force, raised an inference that the policy had the effect of condoning and thereby encouraging the unbridled use of force. The only limits or boundaries on the use of force being a criminal prosecution and/or conviction.

However, the Plaintiffs have introduced evidence at trial that would support a ratification theory of *Monell* liability. Chief Flint testified today that he reviewed the shooting as the final decision maker for the City of Santa Rosa and approved the shooting and the reason for it. Plaintiffs request that the court reconsider this issue raised on summary judgment. For reference the Plaintiffs attach the Ninth Circuit Model Instruction on this issue and related use note. (Exhibit A attached.) By definition, ratification does not require proof of causation.

SCOTT LAW FIRM

Dated: September 10, 2012

By: /s/ John Houston Scott
JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs

1

PLAINTIFFS' OFFER OF PROOF RE MONELL CLAIM

# Exhibit A



Office of the Circuit Executive

# Ninth Circuit Model Civil Jury Instructions
## 9.6 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF

In order to prevail on [his] [her] § 1983 claim against defendant [*name of local governing body*] alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. [*Name of defendant's employee*] acted under color of law;

2. the act[s] of [*name of defendant's employee*] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions;

3. [*Name of person the plaintiff alleges was a final policymaker of the defendant*] acted under color of law;

4. [*Name of final policymaker*] had final policymaking authority from defendant [*name of local governing body*] concerning the act[s] of [*name of defendant's employee*]; and

5. [*Name of final policymaker*] ratified [*name of defendant's employee*]'s act and the basis for it, that is, [*name of alleged final policymaker*] knew of and specifically approved of the employee's act[s].

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. [[The parties have stipulated that] [I instruct you that] the defendant's [official] [employee] acted under color of law.]

I instruct you that [*name of final policymaker*] had final policymaking authority from defendant [*name of local governing body*] concerning the act[s]

at issue and, therefore, the fourth element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## Comment

Use this instruction only in conjunction with an applicable "particular rights" instruction, such as Instructions 9.9–9.25. Such an instruction should set forth the additional elements a plaintiff must establish to prove the violation of the particular constitutional right or federal law at issue. Because this instruction is phrased in terms focusing the jury on the defendant's liability for certain acts, the instruction should be modified to the extent liability is premised on a failure to act in order to avoid any risk of misstating the law. *See Clem v. Lomeli*, 566 F.3d 1177, 1181-82 (9th Cir. 2009).

In addition, use this instruction only when *Monell* liability is based on ratification by a final policymaker. For other bases of *Monell* liability, *see* Instructions 9.4 (Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom—Elements and Burden of Proof), 9.5 (Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker—Elements and Burden of Proof), and 9.7 (Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train—Elements and Burden of Proof).

As noted in the Introductory Comment to this Chapter, § 1983 liability of a local governing body lies only when "action pursuant to official municipal policy of some nature caused a constitutional tort," and not on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997). Such liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir.1999).

To show ratification, a plaintiff must prove that "authorized policymakers approve a subordinate's decision and the basis for it." *Id.* at 1239 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Id. See also Lytle v. Carl*, 382 F.3d 978, 987–88 (9th Cir.2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act.") and *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 985 (9th Cir.2002).

The court must determine as a matter of state law whether certain employees or officials have the power to make official or final policy on a particular issue or subject area. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737–38. *See also Lytle,* 382 F.3d at 983 ("For a person to be a final policymaker, he or she must be in a position of authority such that a final decision by that person may appropriately be attributed to the [defendant public body].").

*Approved 10/2009*

**Document Download(s)**

| File type: | File(s) for download:<br>Click on the icon(s) below to start download. | Size of file(s): |
|---|---|---|
| WordPerfect | civil 9.6revised.wpd | 10 KBytes |