John Houston Scott (SBN 72578)
Lizabeth N. De Vries (SBN 227215)
W. Gordon Kaupp (SBN 226141)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone:  (415) 561-9600
Facsimile:   (415) 561-9609
liza@scottlawfirm.net
gordon@scottlawfirm.net

Eric M. Safire (SBN 98706)
**LAW OFFICES OF ERIC M. SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Telephone: (415) 292-1940
Facsimile:  (415) 292-1946
eric@safirelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA DESANTIS, individually and as Successor in Interest for RICHARD DESANTIS, deceased, and as Guardian Ad Litem for DANI DESANTIS,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF SANTA ROSA, *et al.*,<br><br>        Defendants. | Case No.:  C 07 3386 JSW<br><br>**PLAINTIFFS' MEMORANDUM AND PROPOSED JURY INSTRUCTION RE: JOINT AND SEVERAL LIABILITY**<br><br>Courtroom 11, 19th floor<br>Judge:   Jeffrey S. White |

# MEMORANDUM

**DISCUSSION**

It appears from the testimony of the Medical Examiner that the fatal shot causing Mr. Desantis' death was from a high velocity weapon. It would follow that Sgt. Celli fired the fatal round. However, it is unclear if this fact is in dispute. If this fact is disputed by the defendants this would create a classic *Summers v. Tice* situation. If it is the defendants' position that Sgt. Celli did not fire the fatal shot and/or that it is unknown which officer fired the fatal shot, plaintiff Patricia DeSantis requests that the court give the attached special jury instruction regarding joint and several liability.

There is well established law, both state and federal, relating to this very situation. In *Summers v. Tice,* (1948) 33 Cal.2d 80, 84-87, the plaintiff was permitted to recover damages when he was wounded by gunshot from one of the two defendants even though the most he could prove was that each defendant was at least as likely to have injured him as the other. Both defendants were held jointly and severally liable for the whole of the damages. (*Summers, supra,* 33 Cal.2d at 86.) See, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 324 n.5 (2007); *Oberson v. USDA,* 514 F.3d 989, 993 n.2 (9th Cir. 2008); *Rutherford v. Owens-Illinois,* 16 Cal.4th 953, 958, 977-978 (1997) (without a "*Summers*-type shift of the burden…all defendants might escape liability and the plaintiff be left 'remediless.'").

**CONCLUSION**

This issue may be resolved before the case is argued and the jury is instructed. However, the defendants cannot have it both ways. They cannot argue that plaintiffs have failed to prove causation as to Officers Mann and Menke for the death and related damages and then, in closing argument, claim that plaintiffs have not proven that Sgt. Celli fired the fatal round. Accordingly,

PLAINTIFFS' MEMORANDUM AND PROPOSED JURY INSTRUCTION RE: JOINT & SEVERAL LIABILITY

plaintiffs request a special jury instruction tailored on BAJI 3.80 and *Summers vs. Tice*, 33 Cal.2d 80 (1948) and related federal law if this issue is not resolved prior to the jury being instructed.

**SCOTT LAW FIRM**

Dated: September 12, 2012

By: /s/ John Houston Scott
JOHN HOUSTON SCOTT,
Attorneys for Plaintiffs

PLAINTIFFS' MEMORANDUM AND PROPOSED JURY INSTRUCTION RE: JOINT & SEVERAL LIABILITY

**PROPOSED JURY INSTRUCTION**

**PLAINTIFFS' PROPOSED JURY INSTRUCTION REGARDING JOINT & SEVERAL LIABILITY**

If the plaintiffs establish by a preponderance of the evidence all of the facts necessary to prove (1) that defendants deprived plaintiffs of their rights, and (2) that the conduct of one of the defendants was a cause of plaintiffs' injuries, and (3) that the injury was such that it could only result from the conduct of one of the defendants, and (4) that from the circumstances of the incident the plaintiffs cannot reasonably establish which defendant's conduct was a cause of the injury, then you should find that each defendant is liable for plaintiffs' injuries.

However, under these circumstances, a defendant is not liable if he establishes by a preponderance of the evidence all of the facts necessary to prove that his conduct was not a cause of plaintiffs' injuries.

AUTHORITY:

BAJI 3.80 citing *Summers v. Tice,* 33 Cal.2d 80, 84 (1948). Federal courts have adopted the rule from *Summers*. See, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,551 U.S. 308, 324 n.5 (2007); *Oberson v. USDA*, 514 F.3d 989, 993 n.2 (9th Cir. 2008).