1  John Houston Scott (SBN 72578)
   Lizabeth N. De Vries (SBN 227215)
2  W. Gordon Kaupp (SBN 226141)
   **SCOTT LAW FIRM**
3  1388 Sutter Street, Suite 715
   San Francisco, California 94109
4  Telephone:  (415) 561-9600
   Facsimile:   (415) 561-9609
5  john@scottlawfirm.net
   liza@scottlawfirm.net
6  gordon@scottlawfirm.net

7  Eric M. Safire (SBN 98706)
   **LAW OFFICES OF ERIC M. SAFIRE**
8  2431 Fillmore Street
   San Francisco, CA 94115
9  Telephone: (415) 292-1940
   Facsimile:  (415) 292-1946
10 eric@safirelaw.com

11 Attorneys for Plaintiff
   Patricia DeSantis

12

13

John L. Burris (SBN 69888)
Ben Nisenbaum (SBN 222173)
**LAW OFFICES OF JOHN L. BURRIS**
7677 Oakport Street, #1120
Oakland, CA  94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3883
bnisenbaum@hotmail.com

Attorneys for Plaintiff
Adrianne DeSantis

14               **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 PATRICIA DESANTIS, individually and as
   Successor in Interest for RICHARD
18 DESANTIS, deceased, and as Guardian Ad
   Litem for DANI DESANTIS,
19
            Plaintiffs,
20 v.

21 CITY OF SANTA ROSA, *et al.*,

22
            Defendants.
23

Case No.:  C 07 3386 JSW

**PLAINTIFFS' OBJECTIONS TO
DEFENDANTS SPECIAL
INSTRUCTIONS**

Courtroom 11, 19th floor
Judge:   Jeffrey S. White

24

25

26

27

28

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' SPECIAL INSTRUCTIONS

# INTRODUCTION

The parties have met and conferred over the weekend and resolved many disputes.  Some of the instructions proposed need slight revisions but are not in dispute, e.g., 1.2 (Claims and Defenses) and 9.2 (Elements and Burden of Proof). Plaintiffs object to certain special instructions proposed by the Defendants as follows:

# OBJECTIONS

**SPECIAL INSTRUCTION NO. 1,  PROBABLE CAUSE:**

This stipulation does not merit becoming a jury instruction.  Plus, it could be used to suggest or imply that the shooting was justified simply because there was probable cause to detain Richard DeSantis.  If the instruction is given, it should include a second sentence that states: "Probable cause to detain a person does not justify the use of deadly force."

**SPECIAL INSTRUCTION NO.2 – RESPONSE TO PERSON WITH MENTAL ILLNESS:**

This is only half true. *Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003)  This emphasizes one of many factors that go into determining whether Richard Celli acted with a purpose to harm unrelated to a legitimate police purpose.

**SPECIAL INSTRUCTION NO. 3,  14TH AMENDMENT CLAIM:**

Plaintiffs object to two parts of this instruction:  (1) language that implies an officer can use deadly force simply to take a person into detention; compared to recognized justifications such as self-dense or defense of others; and (2) the paragraph at lines 15-17 – "If an officer is required to make a snap judgment of an escalating situation."  Otherwise, the rest of the paragraph is redundant.

First the "shocks the conscience" test applicable to this case is "purpose to harm" versus "deliberate indifference".  Most cases recognize that the shocks the conscience standard applies whenever there is no substantial time to deliberate.  The shocks the conscience test has been applied to cases where the defendant(s) had minutes or hours to deliberate.

Second, the plaintiffs dispute that Richard Celli made a "snap judgment in an escalating situation".  Rather, it is plaintiffs' position that the situation de-escalated after DeSantis was hit by the Sage and that there was time to (1) assess DeSantis further, (2) fire additional Sage rounds

1

and/or (3) release the dog (Duke). This instruction is "argument" rather than a neutral statement of the law.

**SPECIAL INSTRUCTION NO. 4, LIMITING – USE OF FORCE – DESANTIS UNARMED:**

It is disputed whether Richard Celli knew or believed that Richard DeSantis was armed. In a two minute period he never saw a weapon. He never saw evidence of a weapon, e.g., bulges. He never saw a furtive gesture to the waist or pocket. He denies being told by Patricia DeSantis that he was unarmed. This is a credibility issue for the jury to decide. It cannot be said as a matter of law that Celli believed DeSantis was armed at the time he shot him.

**SPECIAL INSTRUCTION NO. 7, LEAST INTRUSIVE DEGREE OF FORCE:**

The Court warned against offering language from cases that did not raise an issue regarding a jury instruction, as opposed to dicta. This instruction could be easily misinterpreted and misleading. It singles out some factors to be considered while ignoring others. It implies an officer could escape liability for using deadly force in a situation where it was not necessary or warranted. The evidence that Richard Celli used deadly force for a purpose to harm unrelated to a legitimate police purpose is more than "hypothetical", it is the issue to be decided. It would be error to characterize plaintiffs' theory of the case as "hypothetical". Rather, the defendant's theory is more "hypothetical".

**SPECIAL INSTRUCTION NO. 10, PLAINTIFFS' 14TH AMENDMENT CLAIM/RULES CONCERNING STANDARD:**

The plaintiffs seek to amend and modify this instruction to add – at line 13 the following language: …. law enforcement purposes; "however, the use of excessive force is not a legitimate law enforcement purpose." See also, plaintiffs' objections to Defendant's Special Instruction No. 3. This instruction is central to the case and at the heart of the dispute between the parties.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

Plaintiffs welcome the opportunity to argue these issues or further brief them.


Dated: September 16, 2012                                SCOTT LAW FIRM


                                          By:    */s/ John H. Scott*
                                                 John H. Scott
                                                 Attorney for Plaintiffs

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' SPECIAL INSTRUCTIONS