**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   PATRICIA DESANTIS, et al.

10            Plaintiffs,                    No.  C 07-03386 JSW

11      v.                                   **COURT'S PROPOSED FINAL
                                             JURY INSTRUCTIONS**
12   CITY OF SANTA ROSA, et al.,

13            Defendants.

14   _____/

15

16        The parties are HEREBY ADVISED that the following constitutes the Court's Proposed

17   Final Jury Instructions.

18        **IT IS SO ORDERED.**

19   Dated: September 17, 2012

20                                           _____
                                             JEFFREY S. WHITE
                                             UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all of the evidence,  it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.  You must not read into these instructions or into anything the Court may have said or done any suggestions as to what verdict you should return – that is a matter entirely up to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CLAIMS AND DEFENSES**

   To help you follow the evidence, I will give you a brief summary of the positions of the parties:

   Plaintiffs in this consolidated action bring a 42 U.S.C. § 1983 claim against Sergeant Celli under the Fourteenth Amendment for deprivation of familial relationship.  Plaintiffs have the burden of proving this claim.  Defendants deny that the force used by Sergeant Celli on April 9, 2007 was motivated by a purpose to cause harm that was unrelated to the legitimate object of the lawful use of force.

**United States District Court**
For the Northern District of California

## BURDEN OF PROOF

## PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, what they will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.  If I instructed you that an item of evidence had been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I have overruled the objection, the question may be answered or the exhibit received. If I have sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

**TAKING NOTES**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**STIPULATED TESTIMONY**

The parties have agreed to certain facts that have been read to you.  You should therefore treat those facts as having been proved.

**TRANSCRIPT OF TAPE RECORDING**

You have heard tape recordings that have been received in evidence.  Each of you has been given transcripts of the recordings to help you identify speakers and as a guide to help you listen to the tapes.  However, bear in mind that the tape recordings are the evidence, not the transcripts.  If you heard something different from what appears in the transcripts, what you heard is controlling.

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES**

Certain charts and summaries were received into evidence, to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

**LIMITING INSTRUCTION REGARDING DISMISSAL OF OFFICERS**

You have been presented with the testimony regarding Officers Patricia Seffens fka Mann and Travis Menke and the City of Santa Rosa.  Officers Patricia Seffens fka Mann and Travis Menke and the City of Santa Rosa have been dismissed from this lawsuit, and they are no longer parties to this lawsuit.  You shall not draw any inferences one way or another from the dismissal of Officers Patricia Seffens fka Mann and Travis Menke and the City of Santa Rosa.

United States District Court

For the Northern District of California

## LIMITING INSTRUCTION REGARDING TIMOTHY DESANTIS

You have been presented with the testimony regarding Timothy DeSantis.  Timothy DeSantis makes no claims in this case and is not a party to this lawsuit.  If you make any award in this case, you shall not consider or include any amount to compensate for any loss you believe that Timothy may have suffered.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECTION 1983 CLAIM FOR FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION – ELEMENTS AND BURDEN OF PROOF**

Plaintiffs bring their claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiffs claim that defendant Sergeant Rich Celli violated Section 1983 by unlawfully depriving them of their liberty interest in their family relationship with the decedent, Richard DeSantis, in violation of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides that: "No state shall ... deprive any person of ... liberty ... without due process of law."

In order to prevail on their Section 1983 claim against defendant Sergeant Rich Celli, Plaintiffs must prove each of the following evidence by a preponderance of the evidence:

(1) defendant Sergeant Rich Celli acted under color of law; and

(2) the acts of defendant Sergeant Rich Celli deprived Plaintiffs of their Fourteenth Amendment liberty interest in the companionship of the decedent, Richard DeSantis, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that, and I instruct you that, defendant Sergeant Rich Celli acted under color of law.

If you find that Plaintiffs have proved by a preponderance of the evidence each of the elements they are required to prove under these instructions, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove any one or more of these elements, your verdict should be for defendant Sergeant Rich Celli.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RULES CONCERNING FOURTEENTH AMENDMENT LIBERTY INTEREST

## STANDARD

Plaintiffs' Section 1983 claim asserts a violation of their Fourteenth Amendment liberty interest in the companionship of the decedent, Richard DeSantis. In order to prevail on this claim, Plaintiffs must prove that defendant Sergeant Rich Celli acted in a manner which shocks the conscious; that is, that defendant Sergeant Rich Celli acted with a purpose to cause Richard DeSantis' death unrelated to the legitimate law enforcement purposes of self-defense or the defense of others.

In determining that defendant Sergeant Rich Celli acted with a purpose to cause Richard DeSantis' death unrelated to a legitimate law enforcement purpose, you are instructed that self-defense and the defense of others are legitimate law enforcement purposes.

**LIMITING INSTRUCTION REGARDING USE OF FORCE EVIDENCE**

You have been presented with evidence that Richard DeSantis was not actually armed at the time of the shooting.  In determining whether Sergeant Celli acted with a purpose to cause Richard DeSantis' death unrelated to the legitimate law enforcement purposes of self-defense or the defense of others, you may only consider those facts known to Sergeant Rich Celli prior to the shooting.  Therefore, you may only consider the fact that Richard DeSantis was not actually armed to determine whether the force used by Sergeant Celli was related to a legitimate law enforcement purpose if you determine that Sergeant Celli was aware of this fact prior to the shooting.

United States District Court
For the Northern District of California

1

## DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES

2

3       It is the duty of the Court to instruct you about the measure of damages.  By

4  instructing you on damages, the Court does not mean to suggest for which party your verdict

5  should be rendered.

6       If you find for the Plaintiffs on their claim, you must determine the Plaintiffs'

7  damages.  Each Plaintiff has the burden of proving damages by a preponderance of the

8  evidence.  Damages means the amount of money that will reasonably and fairly compensate

9  each Plaintiff for any injury you find was caused by defendant Sergeant Rich Celli.  In

10  determining the amount of damages, you should consider the following:

11       (1)  The financial support, if any, that Richard DeSantis would have contributed to

12  the family during either the life expectancy that Richard DeSantis had before his death or the

13  life expectancy of Patricia DeSantis or Dani DeSantis, whichever is shorter;

14

15       (2) The loss of gifts or benefits that Patricia DeSantis and Dani DeSantis would have

16  expected to receive from Richard DeSantis;

17       (3) The reasonable value of household services that Richard DeSantis would have

18  provided.

19       Your award of any future economic damages must be reduced to present cash value.

20  Present cash value means the sum of money needed now, which, when invested at a

21  reasonable rate of return, will pay future damages at the times and in the amounts that you

22  find the damages would have been received.  The rate of return to be applied in determining

23  present cash value should be the interest that can reasonably be expected from safe

24  investments that can be made by a person of ordinary prudence, who has ordinary financial

25  experience and skill.

26       Patricia DeSantis, Dani DeSantis and Adrienne DeSantis also claim the following

27  non-economic damages: The loss of Richard DeSantis' love, companionship, comfort, care,

28

22

assistance, protection, affection, society, and moral support.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

24

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A special verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.