**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    PATRICIA DESANTIS, et al.,

9              Plaintiffs,                          No. C 07-03386 JSW

10        v.

11   CITY OF SANTA ROSA, et al.,                    **ORDER REGARDING
                                                     DEFENDANTS' PRE-VERDICT**
12             Defendants.                          **MOTION FOR JUDGMENT AS A
                                                     MATTER OF LAW**
13   _____/

14

15        Now before the Court is Defendants' pre-verdict motion for judgment as a matter of law

16   pursuant to Federal Rule of Civil Procedure 50(a) ("Rule 50(a)").  "Judgment as a matter of law

17   is appropriate when the evidence presented at trial permits only one reasonable conclusion."

18   *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002).

19        The Court RESERVES RULING on Defendants' motion with respect to Plaintiffs'

20   Fourteenth Amendment claim against Sergeant Celli.  Because the parties have stipulated to the

21   dismissal of Officers Menke and Mann, Defendants' motion for judgment as a matter of law

22   with respect to the claims against Officers Menke and Mann is DENIED as MOOT.

23        With respect to Plaintiffs' claim pursuant to *Monell v. New York City Dept. of Social*

24   *Services*, 436 U.S. 658, 691 (1978), "Congress did not intend municipalities to be held liable

25   unless action pursuant to official municipal policy of some nature caused a constitutional tort."

26   *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).  Thus, to establish

27   that the City of Santa Rosa is liable, Plaintiffs must show that: (1) they had a constitutional right

28   of which they were deprived; (2) the City had a custom created by those who may be fairly said

United States District Court
For the Northern District of California

1   to determine official policy, which amounted to, at a minimum, deliberate indifference to

2   Plaintiffs' constitutional rights; and (3) the custom was the moving force behind the

3   constitutional violation.  *See Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *see*

4   *also Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  Plaintiffs had initially pursued

5   three alternative theories of municipal liability: (1) that the use of deadly force against Mr.

6   DeSantis was ratified by the City's final decision maker, Chief Flint; (2) that the City failed to

7   adequately train officers in responding to 5150 situations; and (3) that the City maintains a

8   *defacto* policy of failing to discipline officers for use of excessive force that authorized,

9   encouraged and condoned the use of excessive force by police officers.  The Court granted

10  summary judgment in favor of Defendants on Plaintiffs' ratification theory and failure to train

11  theory.  Defendants now move for judgment as a matter of law on Plaintiffs' third and only

12  remaining theory – a *defacto* policy of failing to discipline for excessive force.  Defendants

13  argue that there is no evidence in support of this theory and, thus, there is no evidence on which

14  a reasonable jury could find in favor of Plaintiffs Patricia or Dani DeSantis on this claim.

15  Plaintiffs do not argue that they have presented any evidence in support of their *Monell* claim

16  based on a *defacto* policy of failing to discipline for excessive force.  Accordingly, the Court

17  GRANTS Defendants' motion for judgment as a matter of law on Plaintiffs' remaining *Monell*

18  claim based on a *defacto* policy of failing to discipline for excessive force.

19      In response to Defendants' motion for judgment as a matter of law, Plaintiffs seek the

20  Court to reconsider its prior ruling granting summary judgment on their *Monell* claim based on

21  ratification.  Under Northern District Civil Local Rule 7-9, a party may seek leave to file a

22  motion for reconsideration any time before judgment.  N.D. Civ. L.R. 7-9(a).  A motion for

23  reconsideration may be made on one of three grounds: (1) a material difference in fact or law

24  exists from that which was presented to the Court, which, in the exercise of reasonable

25  diligence, the party applying for reconsideration did not know at the time of the order; (2) the

26  emergence of new material facts or a change of law; or (3) a manifest failure by the Court to

27  consider material facts or dispositive legal arguments presented before entry of judgment.  N.D.

28

1   Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument

2   previously asserted to the Court. *Id.*, 7-9(c).

3        The Court granted Defendants' motion for summary judgment on Plaintiffs' *Monell*

4   claim based on their ratification theory because Plaintiffs Patricia and Dani DeSantis failed to

5   submit any evidence indicating whether Chief Flint approved of the use of deadly force against

6   Richard DeSantis. Therefore, the Court found that Plaintiffs failed to establish a question of

7   fact regarding whether Chief Flint made a conscious, affirmative choice to ratify the conduct in

8   question and the basis for it. Plaintiffs now argue that new evidence in support of their

9   ratification theory was elicited at trial. According to Plaintiffs, Chief Flint testified at trial that

10  he reviewed reports of the shooting of Richard DeSantis, consulted with his staff, and

11  determined that the shooting was within policy. (Plaintiffs' Opp. to Defendants' Rule 50(a)

12  Mot. at 5.) However, this evidence is not new. Despite Plaintiffs' failure to cite to this

13  evidence in opposition to Defendants' motion for summary judgment, Chief Flint testified in his

14  deposition that he reviewed the report of the shooting and determined that Sergeant Celli acted

15  appropriately and within Department policy. (Declaration of Benjamin Nisenbaum in Support

16  of Plaintiffs' Reply, Ex I at 58:2-17, 75:22-76:6 (Docket No. 66-9).) Therefore, the Court

17  DENIES Plaintiffs' motion for leave for reconsideration on their *Monell* claim based on their

18  theory of ratification.

19       Finally, the Court reserves ruling on Defendants' defense of qualified immunity. The

20  Court denied Defendants' motion for summary judgment on the defense of qualified immunity

21  based on the existence of disputed facts. The parties still dispute the facts surrounding the

22  shooting of Richard DeSantis. The determination of these facts is the province of the jury. If

23  the jury finds that Plaintiffs' version of the fact as described in their opposition to Defendants'

24  motion for judgment as a matter of law is true, then qualified immunity would not be warranted.

25  Therefore, the Court RESERVES RULING on Defendants' defense of qualified immunity until

26  the jury determines whether the Plaintiffs proved by a preponderance of the evidence that

27  ///

28  ///

United States District Court

For the Northern District of California

3

1    Sergeant Celli acted with a purpose to cause Richard DeSantis' death unrelated to the legitimate

2    law enforcement purposes of self-defense or the defense of others.

3          **IT IS SO ORDERED.**

4

5    Dated:  September 18, 2012

6                                                      JEFFREY S. WHITE
                                                       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4