IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA DESANTIS, et al.,

    Plaintiffs,

v.

CITY OF SANTA ROSA, et al.,

    Defendants.

No. C 07-03386 JSW

**ORDER REGARDING POST-TRIAL MOTIONS**

Now before the Court is the motion by Defendant Rich Celli ("Sergeant Celli") for judgment as a matter of law, or in the alternative, for a new trial. This motion is fully briefed and ripe for decision, and the Court finds the motion suitable for disposition without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 8, 2013, is VACATED. Having reviewed the parties' pleadings, the relevant legal authority, and the record in this case, for the reasons set forth herein, the Court denies the motion for judgment as a matter of law, but grants the alternative motion for a new trial.

## ANALYSIS

**A.  Motion for Judgment as a Matter of Law.**

"Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion, and that conclusion is contrary to that reached by the jury." *Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir. 1996).

1    Although it is a close question, the Court finds that, when the evidence presented at trial
2 is construed in the light most favorable to Plaintiffs, the Court concludes that a reasonable jury
3 could have found for the Plaintiffs on their Fourteenth Amendment claims.  The Court further
4 finds that when the evidence is viewed in the light most favorable to Plaintiffs, Sergeant Celli is
5 not entitled to qualified immunity.  The Fourteenth Amendment rights at issue here were clearly
6 established at the time of the incident.  If, as here, the jury finds that an officer's conduct is so
7 egregious as to shock the conscience, then the officer could not have reasonably believed his
8 conduct to be legal.  Accordingly, the Court DENIES Sergeant Celli's motion for judgment as a
9 matter of law.

**B.    Motion for a New Trial.**

A court may grant a new trial "if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'"  *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. Saint Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988)).  When considering a motion for a new trial, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party."  *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).  A trial court may not, however, grant a new trial simply because it disagrees with the jury's verdict.  *4.0 Acres of Land*, 175 F.3d at 1139.

Upon review of the evidence presented at trial, the Court finds that the verdict is contrary to the clear weight of the evidence.  The Court notes that only Plaintiffs' Fourteenth Amendment claims went to the jury.  Therefore, Plaintiffs were obligated to demonstrate that Officer Celli's conduct shocks the conscience.  If, as here, an officer makes a snap judgment in an escalating situation, "his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives."  *Wilkinson v. Torres*, 610 F. 3d 546, 554 (9th Cir. 2010) (citing *Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008).

> "To recognize a substantive due process violation in these circumstances when only midlevel fault has been shown would be to forget that liability for deliberate indifference ... rests upon the luxury enjoyed by ... having time to make unhurried judgments, upon the chance for repeated reflection, largely

2

> uncomplicated by the pulls of competing obligations. ...But when unforeseen circumstances demand an officer's instant judgment, even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates the large concerns of the governors and the governed."

*County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998) (internal quotation marks and citation omitted). Situations where the nature of an officer's deliberate physical contact is such that a reasonable fact finder would conclude that the officer intended to harm, terrorize or kill are rare. *Porter*, 546 F.3d at 1141.

On April 9, 2007, shortly after 1:16 a.m., Santa Rosa Police Officers Travis Menke, Patricia Mann, Daniel Jones, and Jerry Ellsworth were dispatched to the DeSantis residence in response to a 911 call made by Patricia DeSantis. Ms. DeSantis told the 911 dispatcher that her husband was firing shots into the ceiling of their residence with a Glock handgun. Sergeant Celli and Sergeant Jerry Soares also responded to the scene. The officers were advised while on route and as Officers Menke and Ellsworth arrived on the scene that additional shots were fired.

Sergeant Celli arrived on the scene at 1:22:08 and his shot was fired at Mr. DeSantis as 1:24:16 a.m., two minutes later. Sergeant Celli testified that he requested dispatch to advise Ms. DeSantis to leave the residence with her children. He was informed that she was not complying with this request and that caused him to have a heightened concern regarding the possible scenarios at the scene. Both Plaintiffs' expert, Ron Martinelli, and Sergeant Celli's expert testified that this was a high risk scenario for the police.

All of the evidence shows that it was Mr. DeSantis who escalated the situation by failing to comply with police officers' orders to stay on the ground and that none of the officers, including Sergeant Celli did anything to escalate the situation or otherwise provoke Mr. DeSantis.

Although the officers did not see a gun on Mr. DeSantis, they did not have an opportunity to search him and both of his hands were not always in sight of the officers. Moreover, although Ms. DeSantis testified that she told the officers that the gun was in the house, there is no testimony that any of the officers heard this statement. Moreover, the Court did not find Ms. DeSantis' testimony to be credible. Because the gun reportedly used was a

glock handgun, it was a small handgun which could have been concealed in Mr. DeSantis' waistband or pants.

Although there are disputed accounts regarding how much of an effect the Sage round on Mr. DeSantis, it is undisputed that Mr. DeSantis continued his forward movement towards the officers after being struck by the Sage round in his arm. The officers estimated that Mr. DeSantis would have reached Officers Menke and Mann within seconds from where he was struck with the non-lethal Sage weapon. The Court found the evidence that Mr. DeSantis was charging at the officers when he was shot to be credible. The Court further found Sergeant Celli to be credible when he testified that he fired his gun at Mr. DeSantis because he feared for the lives of Officers Menke and Mann and for his own safety.

The Court does not find there was credible evidence at trial to support an inference that Sergeant Celli acted with an intent or purpose to harm Mr. DeSantis, separate from legitimate law enforcement objectives. There was no evidence that Sergeant Celli had any ill will towards Mr. DeSantis or that Sergeant Celli took any steps to escalate the situation. Perhaps Sergeant Celli reacted too quickly and there would have been enough time for another Sage round before Mr. DeSantis would have reached the officers. Nevertheless, even if Sergeant Celli acted too quickly, and thus, perhaps was negligent, such conduct, standing alone and in light of the quickly evolving situation, is insufficient to demonstrate Sergeant Celli acted with a purpose to harm Mr. DeSantis apart from the legitimate law enforcement purpose of defending himself and his fellow officers. The Court finds that the clear weight of the evidence does not support the verdict and that it would be a miscarriage of justice to let it stand. Accordingly, the Court GRANTS Sergeant Celli's motion for a new trial.

## CONCLUSION

For the foregoing reasons, Sergeant Celli's motion for judgment as a matter of law is DENIED but his alternative motion for a new trial is GRANTED. The Court HEREBY

///

///

///

4

1  REFERS this case for a further settlement conference with Magistrate Judge Spero to be
2  conducted within 90 days, if possible.
3  **IT IS SO ORDERED.**

5  Dated: February 4, 2013

  JEFFREY S. WHITE
  UNITED STATES DISTRICT JUDGE

8  cc:    Magistrate Referral Clerk